Argued April 25, reversed and remanded for a new trial May 23, 1977

STATE OF OREGON, *Respondent,*

*v.*

MARLOWE CORDELL TREIT, *Appellant.*

(No. 15 915, CA 6989)

564 P2d 708

Frederick T. Smith, Portland, argued the cause and filed the brief for appellant.

Kevin L. Mannix, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

SCHWAB, C. J.

[ 461 ]

## SCHWAB, C. J.

Defendant appeals from his conviction by a jury of possession of a stolen motor vehicle, ORS 481.990, and assigns as error (1) the court's denial of his motion for a mistrial based on statements made by the prosecutor during his closing argument, and (2) the court's denial of his motion for a directed verdict of acquittal.[1]

During defense counsel's opening statement, the following exchange took place:

"[DEFENSE COUNSEL]: You will learn * * * that [defendant] has never been convicted of any crime, except one, when he was either 19 or 20 years old; and he will testify * * * that he was in a car with a kid friend of his—

"[PROSECUTOR]: Objection, Your Honor.

"THE COURT: Objection sustained.

"[DEFENSE COUNSEL]: The Court will not allow me to—

"THE COURT: You may not impeach your own witness.

"[DEFENSE COUNSEL]: Okay.

"THE COURT: Prior crimes can only be used for impeachment purposes.

"[DEFENSE COUNSEL]: All right.

"* * * well, if that comes out, Mr. Treit will explain the nature of that particular little problem that he had * * *."

Although defendant testified later in the trial, no evidence of any prior conviction of the defendant was introduced—either by the defendant or by the prosecution. However, during his closing argument, the prosecutor stated:

"How credible is [the defendant] as a witness?

"One prior conviction in 1958 for theft by possession —what does that tell you, if you really wanted to know?"

Defendant then moved for a mistrial on the ground

---

[1]Defendant made a third assignment of error which is mooted by our holding on the first assignment.

that no evidence of the prior conviction had been introduced. The court denied defendant's motion and, after the prosecutor resumed his closing argument, the following transpired:

"[PROSECUTOR]: Where I left off was, I believe, I was talking about the fact that by his own admission through counsel the Defendant was convicted of a crime some time ago, the crime of theft—does that mean he can't be believed, Your Honor?

"[DEFENSE COUNSEL]: I move we approach the bench, again, Your Honor, the reasons—I won't approach the bench—[the prosecutor] is making a statement on something that is not in evidence, and is not an admission, and I believe I said—

"[PROSECUTOR]: The Court's ruling is that it is in evidence, I believe, Your Honor.

"[DEFENSE COUNSEL]: I believe, I said in my opening statement that in 1958 he was convicted of a crime, but not of theft.

"THE COURT: I would limit your remarks, Mr. [Prosecutor], to his being convicted of a crime, but the jury will disregard what the crime was.

"[PROSECUTOR]: All right.

"At any rate, the whole point of all this is that it is something you can take into account only for one reason, that is to be used in attacking his credibility, and that really is the main issue in this case, it is the Defendant's credibility * * *."

■ Ordinarily, a motion for a mistrial is "a matter which should be left largely to the discretion of the trial judge." *Plourd v. Southern Pac. Transp. Co.,* 272 Or 35, 44, 534 P2d 965 (1975); *State v. Thompson,* 22 Or App 146, 149, 538 P2d 78, Sup Ct *review denied* (1975). However, that discretion is not without bounds. *State v. Seeger,* 4 Or App 336, 479 P2d 240 (1971); *State v. Amory,* 1 Or App 496, 464 P2d 714 (1970). *See also State v. Blodgett,* 50 Or 329, 92 P 820 (1907).

■ Here the state concedes that the prosecutor's remarks went beyond the scope of any admissions made by defense counsel and were not based on the evidence produced at trial but argues that the court's election to

admonish the jury to disregard the prosecutor's statement rather than to grant a mistrial was not an abuse of discretion. Several factors convince us to the contrary. The prosecution's case against the defendant was circumstantial and was not so "overwhelming" that the impact of the prosecutor's remarks was likely to be minimal. *See State v. Miller,* 1 Or App 460, 460 P2d 874 (1969), Sup Ct *review denied* (1970). The prosecutor's remarks invited the jury to conclude that defendant's prior conviction of theft made it more likely that defendant was guilty of the crime charged. Finally, it is hard to believe that none of the jurors gave any thought to the maxim, "Once a thief, always a thief."

As for defendant's second assignment of error, there was evidence from which the jury could have concluded that defendant was in knowing possession of a stolen vehicle. *State v. Krummacher,* 269 Or 125, 523 P2d 1009 (1974).

Reversed and remanded for a new trial.