Argued May 18, affirmed June 6, 1977

## STATE OF OREGON, *Respondent,*
*v.*
## THOMAS ANTHONY PORTER, *Appellant.*
### (No. C 76-09-13224, CA 7560)

564 P2d 1104

Robert C. Cannon, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

John W. Burgess, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee and Johnson, Judges.

JOHNSON, J.

**JOHNSON, J.**

Defendant pled guilty to a two-count indictment charging theft in the first degree and an ex-convict in possession of a firearm in violation of ORS 164.055 and 166.270 respectively. The indictment alleges that both charges arose out of the same act and transaction. Defendant assigns as error the trial court's denial of his motion to merge the two charges for purposes of sentencing. The trial court sentenced defendant to the custody of the Oregon Corrections Division for a term not to exceed five years for the theft and two years for the ex-convict in possession of a firearm.

In *State v. Woolard,* 259 Or 232, 484 P2d 314, 485 P2d 1194 (1971), upon which defendant relies, the court held that the test for determining whether there is a merger where the offenses arise out of the same transaction depends upon legislative intent. In that case the court concluded that a defendant could not be separately sentenced for burglary and larceny arising out of the same conduct, discerning the legislative intent to be that the severe penalties for burglary were to cover larceny committed by lawless entry. We can discern no similar legislative intent with respect to the two statutory crimes at issue here. The two offenses contain totally separate elements. The theft count requires proof of an unlawful taking of property. The second count requires proof of a possession of a firearm by a convicted felon. Each statute deals with a separate social harm and involves separate policy considerations. *See State v. Sortor,* 10 Or App 316, 499 P2d 1370 (1972).

Affirmed.