Argued May 23, affirmed July 18, 1977

STATE OF OREGON, *Respondent,*

*v.*

EDWARD DEBBS McFARLAND, *Appellant.*

(No. 21035, CA 7190)

566 P2d 539

Gary D. Babcock, Public Defender, Salem, argued the cause and filed the brief for appellant.

John W. Burgess, Assistant Attorney General, Salem, argued the cause for respondent. With him on

the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Lee, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Defendant appeals from his conviction by a jury of first degree assault, ORS 163.185, and assigns as error the trial court's denial of his motion for a mistrial made after the prosecutor asked defendant two questions about prior acts of misconduct by defendant.

In the evening of August 3, 1976, police officers David Burley and Michael Gibson responded to a call reporting that a domestic dispute was in progress at defendant's apartment. Upon arriving at the apartment complex the officers were greeted by defendant's wife who told them repeatedly only that "he's got my baby" and directed them to defendant's apartment. The officers met defendant in the doorway of his apartment and asked him to step outside to talk. Defendant refused and shut the door. Burley believed that if the officers left, defendant might harm the child. Burley forced the door open and found defendant holding the child. Burley requested that defendant release the child and come outside to discuss the matter, but defendant again refused and retreated into the kitchen. As the officers followed defendant, Burley observed defendant looking at a steak knife in a dish drainer. Gibson then reached for the child while Burley tried to restrain defendant. As Gibson grasped the child, he was stabbed twice and received several lacerations from the knife. After defendant was arrested, he stated several times that the officers had no right to be in his apartment and that "if I would have had a gun, I would have shot both them bastards dead."

At trial defendant testified that he did not remember whether he had stabbed Gibson and repeated his belief that the officers had no right to be in his apartment. The record reveals that defendant relied primarily on the defense that the assault was made in the defense of his child and himself. Defendant admitted on direct examination that he had been convicted of assault, attempted possession of stolen

property and several charges of driving under the influence of intoxicants. On cross-examination, the prosecutor asked the following question:

"Isn't it true that you had some difficulties in school because you were taken out of the schools and you were placed in MacLaren?"

Defendant's counsel objected before the question was answered and promptly moved for a mistrial. The court sustained the objection but denied defendant's motion on the grounds that "the defendant has taken the stand and he's admitted the commission of several crimes. I don't see how it can do him that much damage." The prosecutor resumed his cross-examination, and later the following exchange ensued:

"Q [By the prosecutor]: Now, do you recall stabbing Officer Gibson?

"A: No.

"Q: So, it's your testimony that you do not recall ever stabbing anybody, is that correct?

"A: I don't know. We were fighting and hassling. I don't know if I stabbed him or not.

"Q: Okay. My question is: Do you recall ever stabbing anybody?

"A: No.

"Q: On any occasion?

"A: No, I've never stabbed anybody.

"Q: You've never stabbed anybody, is that what your statement was?

"A: Yes.

"Q: Isn't it true that four years ago that you were picked up by the police for stabbing your brother in the back?

"Mr. Forcum [defense counsel]: I'm going to object, Your Honor. * * *"

Defendant then moved for a mistrial. The court sustained the objection but denied defendant's motion, commenting:

"* * * I'm going to deny your mistrial motion because I don't think there has been any prejudice done by that type of statement. The reason for that is that the

testimony came in beforehand: 'You've never stabbed anyone else?'

" 'Answer: No.' That came in twice without objection."

The court then warned the jury:

"Ladies and Gentlemen, the objection to the question has been sustained and I should caution you that statements by either counsel, questions they ask, are not to be considered by you as evidence. The evidence by which you should judge this case comes from the mouths of the witnesses."

The state does not contend—and could not do so successfully—that the prosecutor's questions set out above were proper. *State v. Rollo,* 221 Or 428, 351 P2d 422 (1960); *see State v. Manrique,* 271 Or 201, 531 P2d 239 (1975); ORS 419.567(3).[1] The state rather argues that the court did not abuse its discretion in not granting a mistrial.

In *State v. Bauer,* 16 Or App 443, 448-49, 519 P2d 96, Sup Ct *review denied* (1974), we held that:

"* * * [T]he granting of a motion for a mistrial by a defendant must depend upon the particular facts. The trial court has wide discretion in the granting or denial of such a motion. * * *"

The trial court's discretion, however, is not without bounds, and a motion for a mistrial should be granted when it is apparent that some aspect of the conduct of the trial has interfered with a defendant's ability to obtain a fair adjudication of the facts. *See State v.*

---

[1] ORS 419.567(3) provides:

"No information appearing in the record of the case or in reports or other material relating to the child's history or prognosis may be disclosed to any person not described in subsection (2) of this section without the consent of the court, and no such information may be used in evidence in any proceeding to establish criminal or civil liability against the child, whether such proceeding occurs after the child has reached 18 years of age or otherwise, except for the following purposes:

"(a) In connection with a presentence investigation after the guilt of the child has been admitted or established in a criminal court.

"(b) In connection with a proceeding in another juvenile court concerning the child or an appeal from the juvenile court."

*Treit,* 29 Or App 461, 564 P2d 708 (1977). A number of factors lead us to the conclusion that the trial court's decision to deny a motion for mistrial was not error. First, defendant's character had already been impeached by his testimony on direct examination that he had been convicted of several crimes. Second, the prosecutor's question about a prior arrest for stabbing was directed at disproving defendant's claim that he was acting in self-defense. This defense, predicated on the notion that defendant feared that either his or his child's safety was endangered by the officers, had been at least partially discredited by the testimony of several police officers as to prior encounters with defendant during domestic altercations. Third, the attention of the jury was not repeatedly drawn to the subjects of the prosecutor's improper questions—defendant answered neither question, the objections to the questions were promptly sustained and the prosecutor made no attempt to reopen either matter once the trial judge had sustained the objections. Fourth, the trial judge adequately instructed the jury not to consider the prosecutor's questions as evidence.

Affirmed.