Argued January 18, affirmed in part; reversed in part April 17,
reconsideration denied July 12, 1978

STATE OF OREGON, Respondent,

v.

ARBIE LEE STEELE, *Appellant.*

(No. C 77-05-06518, CA 8812)

577 P2d 524

Marianne Oswald, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Donald L. Paillette, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were James A. Redden, Attorney General, Al J. Laue, Solicitor General, and Thomas H. Denney, Assistant Attorney General, Salem.

Before Schwab, Chief Judge, and Johnson, Joseph and Roberts, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Defendant was convicted after a jury trial of robbery in the first degree, ORS 164.415, two counts of sodomy (oral and anal) in the first degree, ORS 163.405, kidnapping in the second degree, ORS 163.225, and assault in the second degree, ORS 163.175. He was sentenced to 20 years' imprisonment for robbery, 20 years for the first sodomy conviction to run consecutively with the robbery sentence, 20 years for the second sodomy conviction to run concurrently with the first sodomy sentence, 10 years for kidnapping and 10 years for assault, both to run concurrently with the first sodomy sentence.

On appeal defendant contends that the trial court erred in denying his motion for mistrial. Defendant moved for a mistrial after the following testimony was presented at trial by the state:

"Q. [MR. MURPHY] Detective Pacella, you are with the Portland Police Bureau, also; is that correct?

"A. Yes, sir.

"Q. Were you present at a time when a Mr. Lee George Fuqua made a photo identification at the Portland Police Bureau?

"A. Yes, I was.

"Q. Would you just relate to the jury the manner in which that identification was made?

"A. I showed him a group of mug photographs.

"MR. WITTMAYER: Your Honor, I have a matter for the Court."

Defendant argues that the trial court erred in not declaring a mistrial when the state's witness mentioned the defendant's "mug shots"—testimony from which the jury might infer that the defendant had committed other prior crimes.

■ It is the general rule in criminal cases that the state may not offer evidence that the defendant has committed other crimes in addition to the crime for which he is charged. *State v. Manrique,* 271 Or 201, 206, 531 P2d 239 (1975); *State v. Hale,* 22 Or App 144, 145, 537

[ 493 ]

P2d 1173 (1975). This exclusion applies not only to proof of the commission of other crimes, but also to evidence from which the jury might infer the commission of other crimes, such as a reference to a "mug shot." *State v. McLean,* 1 Or App 147, 150, 459 P2d 559 (1969), *aff'd* 255 Or 464, 468 P2d 521 (1970), citing *State v. Jacobs,* 94 Ariz 211, 382 P2d 683 (1963).

■ Where a defendant has moved for a mistrial following the state's improper reference to the defendant's prior criminal conduct, the trial judge has wide discretion in granting or denying the motion. *State v. McFarland,* 30 Or App 93, 97, 566 P2d 539 (1977); *State v. Bauer,* 16 Or App 443, 448-49, 519 P2d 96, *rev den* (1974). The trial court's discretion is not unlimited, however, and the motion for mistrial should be granted when

"* * * it is apparent that some aspect of the conduct of the trial has interfered with a defendant's ability to obtain a fair adjudication of the facts * * *." *State v. McFarland, supra,* 30 Or App at 97, citing *State v. Treit,* 29 Or App 461, 564 P2d 708 (1977).

■ The trial court's decision to deny the motion for mistrial was not error. The jury's attention was not repeatedly drawn to evidence that the defendant committed prior crimes, because there was only a single passing reference to the mug shots by the witness. *See State v. McFarland, supra,* 30 Or App at 98.

Defendant next contends that the trial court erred in not merging certain of the convictions for purposes of sentencing. In his brief, defendant maintains that (1) his conviction for assault in the second degree merges into his conviction for robbery in the first degree; (2) his conviction for kidnapping in the second degree merges into his conviction for robbery in the first degree; and (3) his two convictions for sodomy in the first degree merge. We deal with each of these contentions separately.

■ Merger problems arise when a defendant is charged with a number of crimes arising out of a single transaction or course of conduct. *See State v. Meyer,* 12 Or App 486, 488, 507 P2d 824 (1973). If the trier of fact determines that a defendant is guilty of several charges arising from such conduct, whether the defendant can be convicted and sentenced on more than one crime is basically a question of legislative intent. *State v. Gilbert,* 281 Or 101, 574 P2d 313 (1978); *Doran v. State of Oregon,* 270 Or 758, 529 P2d 928 (1974); *State v. Welch,* 264 Or 388, 505 P2d 910 (1973); *State v. Gerritson et al,* 124 Or 525, 265 P 422 (1928); *State v. Cloutier,* 33 Or App 121, 575 P2d 996 (1978); *State v. Callaghan,* 33 Or App 49, 576 P2d 14 (1978); *State v. Porter,* 29 Or App 795, 564 P2d 1104 (1977).

As far as merger of assault into robbery, we commented on the pre-1972 criminal code as follows: "Robbery is, in effect, a combination of the crimes of assault and larceny." *State v. Webber,* 14 Or App 352, 358, 513 P2d 496 (1973). We recently made a similar comment about the post-1972 criminal code: "Simplistically speaking, robbery is a combination of assault and theft." *State v. Cloutier, supra,* 33 Or App at 126. The present question is whether to elevate this prior dictum to a holding.

■ There are two approaches to ascertaining legislative intent on merger. One examines the facts of the specific case. The Supreme Court has explained this approach to be:

> "* * * Merger is based on the premise that when *the act* involved in one charge is necessarily involved in another charge, only one offense is committed and only one charge may be the basis of a conviction. * * *" *State v. Roach,* 271 Or 764, 767, n 1, 534 P2d 508 (1975). (Emphasis supplied.)

Applying that test to the facts of this case, the assault merges into the robbery. The robbery charge alleges defendant "use[d] physical force upon Lee George Fuqua, by grabbing the head and arms of the said Lee George Fuqua, and did use a dangerous weapon,

to-wit: a broken piece of glass * * *." The assault charge alleges that at the same time and place defendant "cause[d] physical injury to Lee George Fuqua by means of a dangerous weapon, to-wit: a piece of broken glass * * *." As the Supreme Court put it in *Roach,* "the act involved in one charge is necessarily involved in another charge."

■ The other approach to ascertaining legislative intent on merger looks only to the statutory scheme considering, for example, whether one statute defining an offense incorporates other offenses as its component parts. *State v. Cloutier, supra.* An element of all degrees of robbery is that the actor "uses or threatens the immediate use of physical force." ORS 164.395. An element of all degrees of assault is that the actor inflict at least some physical injury, which is defined as "impairment of physical condition or substantial pain." ORS 161.015(6). Under this statutory scheme, our dictum in *Cloutier* was overly broad in that it is possible to commit a robbery (using physical force) without committing an assault (causing physical injury).

But the fact remains that there is a substantial overlap in this statutory scheme when the state relies on exactly the same act to establish the physical-force element of robbery and the physical-injury element of assault. Did the legislature intend that a single violent act could be treated both as the use-physical-force element of robbery and separately as the cause-physical-injury element of assault? ORS 131.505(2), as interpreted in *State v. Gilbert, supra,* suggests an affirmative answer.[1] Part of our analysis in *State v. Cloutier, supra,* points the other way:

> "Other statutes, aside from ORS 131.505 as interpreted in *Gilbert,* are germane to the question of imposition of convictions and punishments for a single act;

---

[1] ORS 131.505(2) provides:

"When the same conduct or criminal episode violates two or more statutory provisions, each such violation constitutes a separate and distinct offense."

[ 496 ]

when considered together with ORS 131.505 they limit a literal application of that statute.

"For example, ORS 136.460 provides:

" 'Upon a charge for a crime consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the accusatory instrument and guilty of any degree inferior thereto or of an attempt to commit the crime or any such inferior degree thereof.'

And ORS 136.465 provides:

" '* * * In all cases, the defendant may be found guilty of any crime the commission of which is necessarily included in that with which he is charged in the accusatory instrument or of an attempt to commit such crime.'

Construing these two statutes, in *State v. Washington,* 273 Or 829, 836, 543 P2d 1058 (1975), the Supreme Court stated:

" '* * * [U]nder these statutes * * * [ORS 136.460 to 136.465] there must be evidence, or an inference which can be drawn from the evidence, which supports the requested instruction so that the jury could rationally and consistently find the defendant *guilty of the lesser offense and innocent of the greater * * *.'* (Emphasis supplied.)

We think these statutes and *Washington* boil down to * * * a person can be convicted of a greater crime *or* its lesser-included components but not both because conviction on the greater encompasses the lesser and because conviction on the lesser is tantamount to acquittal on the greater." *State v. Cloutier,* 33 Or App at 127, 128.

■ None of these authorities are here controlling. The robbery and assault charges are not completely unrelated, nor is either wholly a component part of the other. But when the state relies upon precisely the same act to establish the use-physical-force element of robbery and the cause-physical-injury element of assault, the assimilation of one crime into the other is so substantial as to warrant assuming a legislative intent to merge. Moreover, the interest protected by the use-of-force element of robbery and the cause-physical-injury element of assault is the same.

Defendant's assault conviction merges into his robbery conviction.

■ Defendant next argues that the kidnapping involved in this transaction was only incident to the robbery and sodomies committed by him and thus should merge into those crimes. Although phrased as a merger argument, defendant seems to really be contending that there was insufficient evidence of a separate act of kidnapping. The facts and the law are to the contrary.

The relevant element of kidnapping is: "Takes the person from one place to another." ORS 163.225(1)(a). We have previously suggested that the movement of a victim could be *de minimis,* merely incidental to another crime and therefore not separately punishable. *State v. Talbot,* 24 Or App 379, 545 P2d 599, *rev den* (1976); *State v. Swaggerty,* 15 Or App 343, 515 P2d 952 (1973). But this is not such a case.

Defendant was hitchhiking and was picked up by the victim. Defendant attacked the victim with a piece of broken glass, bound him, undressed him, threw him into the rear seat of the car, and then anally and orally committed sodomy upon the victim. Defendant then drove the victim's car several miles with the bound victim in the back seat. Upon arriving at a parking lot, defendant took the victim's wallet and some of his clothing and fled. The transporting of the victim "from one place to another" within the meaning of ORS 163.225(1)(a) was not merely incidental to the commission of other crimes.

■ Finally, defendant contends that his convictions for oral and anal sodomy in the first degree, ORS 163.405, must merge for purposes of sentencing on authority of *State v. Welch, supra. Welch* involved a defendant who was convicted on two counts of publishing two false checks under former ORS 165.715. The two checks were deposited at the same time and by the use of one deposit slip into the defendant's bank account. The Supreme Court found that the two counts constituted

but one punishable crime and emphasized that "the act of publishing the two checks was a single transaction." 264 Or at 395.

Nothing in the legislative history of ORS 163.405 indicates whether a merger is appropriate in the situation presented here. As *Welch* points out, there is no precise formula for determining legislative intent in situations such as this. It tells us, citing *Bell v. United States,* 349 US 81, 75 S Ct 620, 99 L Ed 905 (1955), that we read statutes " 'with the saving grace of common sense.' " 264 Or at 393. We do not believe that the convictions for oral and anal sodomy in the first degree merge as constituting but one crime. The victim was exposed to additional fear, humiliation and danger during the second sodomy. We see no reason why we should hold that a man who commits one sodomy may do so again and again to the same victim with impunity. *See, State v. Hill,* 104 Ariz 238, 240, 450 P2d 696 (1969); *People v. Helton,* 39 Ill App3d 672, 674, 349 NE2d 508 (1976); *Lillard v. State,* 528 SW2d 207 (Tex Crim App 1975). The defendant's two acts of sodomy constituted two separate crimes, separately punishable. *See State v. Callaghan, supra.*

The judgment orders are affirmed except for the conviction for assault which is reversed.