On appellant's reconsideration filed February 20, 1985, of former opinion filed February 13, 1985 (72 Or App 223, 695 P2d 586), resubmitted In Banc June 6, 1985, reconsideration granted; affirmed April 9, reconsideration denied May 9, petition for review allowed July 1, 1986 (301 Or 320)

STATE OF OREGON,
*Respondent,*

*v.*

CHARLENE MARIE MAGUIRE,
*Appellant.*

(06994; CA A33310)

717 P2d 226

Ronald L. Gray and Cotton & Gray, Oregon City, for petition.

GILLETTE, J., Pro Tempore.

Warden, J., dissenting.

## GILLETTE, J., Pro Tempore

Defendant petitions for reconsideration of our previous decision dismissing the appeal from her conviction for driving while under the influence of intoxicants (DUII) as not being timely filed. *State v. Maguire,* 72 Or App 223, 695 P2d 586 (1985). We have determined that we were misled by an error in defendant's brief and that the appeal was timely filed.

On the merits, defendant asserts that the trial court erred in holding that *former* ORS 487.540[1] established DUII as a strict liability crime and that the defense of mental disease or defect does not apply to a strict liability crime. In reliance on those legal conclusions, the trial court struck defendant's notice of intent to rely on the mental disease or defect defense. We hold that DUII is a strict liability crime to which the defense of mental disease or defect is inapplicable. We therefore affirm.

At the time of the alleged offense,[2] *former* ORS 487.540 provided, in part:

"(1)  A person commits the offense of driving while under the influence of intoxicants if the person drives a vehicle while the person:

"(a)  Has .10 percent or more by weight of alcohol in the blood of the person as shown by chemical analysis of breath, blood or urine of the person made under ORS 487.805 to 487.815 and 487.825 to 487.835; or

"(b)  Is under the influence of intoxicating liquor or a controlled substance; or

"(c)  Is under the influence of intoxicating liquor and a controlled substance.

"(2)  Driving while under the influence of intoxicants is a Class A misdemeanor."

Although a culpable mental state is normally a requirement for criminal liability, a statute outside the Oregon Criminal

---

[1] *Former* ORS 487.540 was repealed by Or Laws 1983, ch 338, § 978, and was replaced by Or Laws 1983, ch 338, § 587, *amended by* Or Laws 1985, ch 16, § 293 (now ORS 813.010), effective January 1, 1986.

[2] Defendant's alleged offense occurred in June, 1983. This case is governed by the statutes as they existed before the amendments adopted by the 1983 legislature. All references in this opinion to the statutes are to their pre-1983 form.

Code may create a strict liability crime if it was adopted after January 1, 1972, and if it "clearly indicates a legislative intent to dispense with any culpable mental state requirement for the offense or for any material element thereof." ORS 161.105(1)(b); *see State v. Cho,* 297 Or 195, 681 P2d 1152 (1984); *State v. Buttrey,* 293 Or 575, 651 P2d 1075 (1982). Although some form of DUII has been an offense for decades, the specific provisions of *former* ORS 487.540 were adopted after January 1, 1972.

■      A person commits DUII by driving either with the requisite blood alcohol content[3] or while actually under the influence of an intoxicant. Having a certain blood alcohol level or being under the influence is a status, and a person's mental state has nothing to do with whether that status exists. The statute requires only that the state prove that the defendant had the status, not that the person knew or should have known of it. "One who drives after drinking intoxicating liquor takes the chance that his blood-alcohol level violates the statute." *State v. Gainer,* 70 Or App 199, 204, 689 P2d 323 (1984). The legislature made DUII a crime in order to keep dangerous drivers off the road. It was undoubtedly aware of what experience with DUII cases shows: dangerously intoxicated drivers often insist, at times sincerely, that the liquor which they drank has not affected their driving ability. The statute, in the context of its history and surrounding circumstances, clearly indicates a legislative intent that the blood alcohol intoxication element of DUII not involve any culpable mental state.

■      However, proof of intoxication by itself is insufficient to convict; the state must also prove that the defendant drove. Like intoxication, driving is determined objectively: a person either is or is not in actual physical control of a vehicle. *See former* ORS 487.005(5) (*repealed by* Or Laws 1983, ch 338, § 978). The legislature prohibited driving while intoxicated because of the dangers presented by drivers who "have voluntarily allowed their physical coordination and mental faculties to become hampered and dulled by inoxicating [*sic*] liquor." *State v. Robinson,* 235 Or 524, 531, 385 P2d 754 (1963). Those dangers are at least as great when a person drives without a

---

[3] The forbidden level is now .08 percent. ORS 813.010(1)(a).

culpable mental state as when the person drives with a culpable mental state. We think it clear that the legislature intended that the state need prove only that a defendant drove while having the prohibited status, not that the driving was done with any particular mental state. Because the state may prove DUII simply by showing that the defendant met the statutory criteria for intoxication and drove, DUII is a strict liability crime as to each of its elements.

We turn now to whether a defendant may, nonetheless, raise the defense of mental disease or defect to a DUII charge. At the time of the alleged offense, ORS 161.295 provided:

"(1)   A person is not responsible for criminal conduct if at the time of such conduct as a result of mental disease or defect he lacks substantial capacity either to appreciate the criminality of his conduct or to conform his conduct to the requirements of law.

"(2)   As used in chapter 743, Oregon Laws 1971, the terms 'mental disease or defect' do not include an abnormality manifested only by repeated criminal or otherwise antisocial conduct."

Subsection (1) of the statute did not merely allow a defendant a method of negating the culpable mental state element of the offense; it provided a defense to the crime with which the defendant was charged. A person could commit the entire offense, including having whatever culpable mental state was required, and still establish the defense.

We think it obvious that, of the two alternative grounds available under ORS 161.295(1)—lack of capacity to appreciate the criminality of certain conduct and lack of capacity to conform conduct to the requirements of law—only the latter could aid defendant here. The DUII statute is commonly violated by sane people who do not appreciate the criminality of their conduct, and that theory of defense is therefore unavailable to defendant. The question thus narrows itself to this: May a DUII defendant place in issue his inability to conform his conduct to the requirements of the law?

■      Although this question is more difficult, we think that the answer must also be no. Persons may be guilty of DUII who actually believe that they are conforming to the

requirements of the law and who would not drive if they thought otherwise. Their guilt is established by an act—driving—and a condition. Capacity to conform one's conduct thus becomes irrelevant to the charge.[4]

We hold that DUII is a strict liability crime and that the defense created by ORS 161.295 is not available.

Petition for reconsideration granted; affirmed.

**WARDEN, J.,** dissenting.

The majority holds that the defense of insanity is not available to one charged with driving under the influence of intoxicants (DUII). It does so by concluding that DUII is a strict liability crime, *i.e.,* one which does not have as an element a culpable mental state, and by concluding that the insanity defense is not available to persons charged with strict liability crimes. Because I have doubts as to both of the conclusions upon which the holding is based and do not find the reasons given for those conclusions persuasive, I dissent.

ORS 161.105 provides in part:

"(1)   Notwithstanding ORS 161.095, a culpable mental state is not required if:

"* * * * *

"(b)   An offense defined by a statute outside the Oregon Criminal Code clearly indicates a legislative intent to dispense with any culpable mental state requirement for the offense or for any material element thereof."

The first question is whether the legislature "clearly" intended the DUII offense not to have a culpability requirement. The language of the statute defining the offense contains no indication at all of a legislative intent to dispense with a culpable mental state requirement. The majority finds the necessary manifestation of clear intent in the statute's "history and surrounding circumstances" contained in these two sentences:

"The legislature made DUII a crime in order to keep

---

[4] Such scholarly comment as we have found suggests that the opposite conclusion may be appropriate, but there is a dearth of case law in support. *See* LaFave & Scott, *Criminal Law* 270, § 36 (1972); Hall, *General Principles of Criminal Law* 342 (2d ed 1960).

dangerous drivers off the road. It was undoubtedly aware of what experience with DUII cases shows: dangerously intoxicated drivers often insist, at times sincerely, that the liquor which they drank has not affected their driving ability." 78 Or App at 462.

That the legislature may have made DUII a crime to keep dangerous drivers off the road says nothing about culpability. The legislature made arson a crime to discourage people from burning down buildings, but that does not make arson a strict liability crime. Similarly, that intoxicated drivers may insist that their driving has not been affected by the liquor they have consumed says nothing about culpability or the legislature's intent.

The Supreme Court has taken the requirement in ORS 161.105(1)(b) of *clear* legislative intent in order to dispense with a culpable mental state seriously. In *State v. Cho,* 297 Or 195, 681 P2d 1152 (1984), it held that ORS 498.022, prohibiting the sale of wildlife parts, was not a strict liability crime. Although the statute prohibited such sales without regard to any culpable mental state, the Court stated:

> "The mere enactment of a crime without an expressly required culpable mental state is insufficient to establish such a clear indication. The designation of an offense as a misdemeanor (or felony) invokes the potential of incarceration of offenders. As opposed to a violation, the heightened impact on the liberty interest of the alleged misdemeanant or felon provides support for a culpability requirement in crimes." 297 Or at 201.

The court dismissed the state's argument that the statute's protection of an important state interest somehow bears on the legislative intent regarding culpability. "We * * * fail to see how this supports the state's allegation that ORS 498.022 and other wildlife laws are strict liability crimes." 297 Or at 201. Finally, even accepting the state's contention that the enactment of a simplified system of citation and complaint (similar to that used in charging motor vehicle violations) somehow indicates that the legislature wished to do away with the culpability requirement, the court concluded that it "falls short of 'clearly' indicating that intent as [ORS 161.105] requires." 297 Or at 202.

In *State v. Buttrey,* 293 Or 575, 651 P2d 1075 (1982),

the court held that driving while suspended is a strict liability offense. It found the requisite legislative intent, required by ORS 161.105, in the provision in the DWS statute providing that lack of culpability, *i.e.,* knowledge, could be proved as a defense. The Court reasoned that the legislature, by making lack of knowledge a defense, showed that it intended to make the crime itself one of strict liability. Even that manifestation of intent was only clear to four members of the court.

I do not find in the DUII statute any clear indication of a legislative intent to dispense with the culpable mental state requirement and make DUII a strict liability offense.

Assuming that DUII is a strict liability crime, as the majority concludes, I have more serious doubt of the correctness of the majority conclusion that the insanity defense is not available to persons charged with strict liability crimes. Oregon's insanity defense is contained in ORS 161.295 which, at the time of the alleged offense, provided:

"(1)   A person is not responsible for criminal conduct if at the time of such conduct as a result of mental disease or defect he lacks substantial capacity either to appreciate the criminality of his conduct or to conform his conduct to the requirements of law.

"(2)   As used in chapter 743, Oregon Laws 1971, the terms 'mental disease or defect' do not include an abnormality manifested only by repeated criminal or otherwise antisocial conduct."

The majority summarily disposes of the defense of lack of capacity to appreciate the criminality of one's conduct by saying, "the DUII statute is commonly violated by sane people who do not appreciate the criminality of their conduct, and that theory of defense is therefore unavailable to defendant." 78 Or App at 463. That appears to say only that the defense is not available to sane people. It does not explain why a defendant whose inability to appreciate the criminality of his or her conduct is rooted in mental disease or defect should be prevented from asserting the insanity defense.

The majority is even more cursory in disposing of the defense of lack of capacity to conform one's conduct to the requirements of the law. It finds the lack of capacity to conform to be irrelevant to DUII, regardless of the reason for the lack of capacity. It seems to reason that, because the

offense is one of strict liability, the inability to conform one's conduct to the requirements of the law because of mental disease or defect is irrelevant, *i.e.,* that the words "criminal conduct" in ORS 161.295(1) do not include strict liability crimes.

In this regard, the majority collapses into one the separate concepts of culpable mental state and insanity. It holds that, because no culpable mental state is required, insanity cannot be a defense. That does not follow from a reading of the statute creating the defense. ORS 161.295 does not say that it is not available to those charged with strict liability crimes. On its face, the statute appears to make the defense available to any person charged with any crime.

The concepts of culpable mental state and insanity are distinct. Culpable mental state is an element of a crime that the state must prove. Insanity is an affirmative defense that a defendant must prove to avoid criminal responsibility. Proving the requisite culpable mental state for a crime does not relieve the state from responding to an insanity claim by a defendant. That the state may not need to prove a culpable mental state does not, it seems to me, mean that a defendant cannot show that she was insane. That the state may be relieved of its burden of proving that a defendant acted negligently, recklessly, knowingly or intentionally, has nothing to do with whether she is unable by reason of mental disease or defect to conform her conduct to the requirements of the law. The two are not antitheses. As LaFave and Scott, *Criminal Law,* 270, § 36 (1972), say: " '[T]he insanity defense is broader than the *mens rea* concept,' as evidenced by the fact that the defense would in theory even be available in a prosecution for a strict liability crime which required no proof of the defendant's mental state." (Footnote omitted.) *See also* Hall, *General Principals of Criminal Law* 342 (2d ed 1960).

Because the legislature has not clearly indicated that DUII is a strict liability offense and because, even if it is, the defense of insanity is not unavailable to one charged with a strict liability offense, I dissent.

Joseph, C. J., and Warren and Newman, JJ., join in this dissent.