Argued and submitted March 31, affirmed July 23, 1986

# STATE OF OREGON,
*Respondent,*

*v.*

# ROLAND EVERETT HALE,
*Appellant.*

(84-1890-C; 84-1890-C;
CA A37640 (Control); CA A37641)
(Cases Consolidated)

722 P2d 1269

Gary D. Babcock, Public Defender, Salem, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

**WARDEN, P. J.**

Defendant pled guilty to and was convicted of felony driving while suspended (DWS) and driving under the influence of intoxicants (DUII) for the same act of driving on November 14, 1984. He argues that the trial court had no authority to impose two separate sentences. We affirm.

■ Defendant was validly convicted of both DWS and DUII. Neither offense necessarily includes acts sufficient to constitute a violation of the other; therefore, there is no merger of the convictions. *See State v. Cloutier,* 286 Or 579, 586, 596 P2d 1278 (1978); *State v. Finn,* 79 Or App 439, 719 P2d 898 (1986).

■ Whether a defendant may be separately sentenced for multiple offenses arising out of the same criminal episode depends on the legislature's intent. *See State v. Linthwaite,* 295 Or 162, 176-178, 665 P2d 863 (1983); *State v. Porter,* 29 Or App 795, 564 P2d 1104 (1977). In attempting to discern legislative intent, courts look to whether the offenses "were committed in the course of a single criminal episode joined in time, place and circumstances and directed toward a single criminal objective." *State v. Kessler,* 297 Or 460, 465, 686 P2d 345 (1984).

■ There is no criminal objective involved in this case, because DWS and DUII are both strict liability offenses. *State v. Buttrey,* 293 Or 575, 651 P2d 1075 (1982); *State v. Maguire,* 78 Or App 459, 717 P2d 226, *rev allowed* 301 Or 320 (1986). Although DWS and DUII in this case are joined in time, place and circumstances, they are distinct offenses, requiring different elements of proof. They are defined in separate statutes and are directed at different social harms. It would be nonsensical to hold that one who drives while suspended may commit other traffic offenses while driving without any threat of additional punishment. We conclude that the legislature intended that separate sentences were permissible for DUII and DWS when they arise out of the same driving episode. *See State v. Garcia,* 288 Or 413, 605 P2d 671 (1980).[1]

---

[1] ORS 161.062(1), enacted as Or Laws 1985, ch 722, § 4, which was not in force at the time of the offenses in this case, would provide the same result. It states:

"When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations * * *."

Affirmed.