Argued and submitted May 22, affirmed October 18, reconsideration denied
November 24, 1989, petition for review allowed February 22, 1990 (309 Or 333)
See later issue Oregon Reports

## STATE OF OREGON,
### *Respondent,*

*v.*

## KENNETH DALE OLMSTEAD,
### *Appellant.*

(88-11312; CA A50685)

780 P2d 1201

Michael McGrady, Eugene, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

PER CURIAM

Newman, J., dissenting.

**PER CURIAM**

Defendant appeals from his convictions, on stipulated facts, for driving under the influence of intoxicants, ORS 813.010, and driving with a suspended license. ORS 811.182. Before trial, defendant filed notice of his intent to defend both charges by asserting that he was guilty but insane. ORS 161.295. The state moved that the defense be stricken. The court granted the state's motion.

Defendant's only contention is that the court erred in striking the defense. The defense under ORS 161.295 is not available, because driving under the influence of intoxicants and driving with a suspended license are both strict liability offenses. *State v. Buttrey,* 293 Or 575, 651 P2d 1075 (1982); *State v. Maguire,* 78 Or App 459, 717 P2d 226 (1986), *affirmed without opinion by an equally divided court* 303 Or 368 (1987).

Affirmed.

**NEWMAN, J.,** dissenting.

For the reasons stated by Warden, J., in his dissent in *State v. Maguire,* 78 Or App 459, 717 P2d 226 (1986), *affirmed without opinion by an equally divided court,* 303 Or 368, 736 P2d 193 (1987), I believe that the defense of guilty but insane should be available to a defendant charged with a strict liability offense. Accordingly, I dissent, because I believe that the court erred when it granted the state's motion to strike that defense.