Argued January 27, affirmed February 9, 1976

# STATE OF OREGON, *Respondent,*
## *v.*
# REYNOLDO RIOS, *Appellant.*
## (No. 29979, CA 4967)
### 545 P2d 609

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Donald L. Paillette,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Lee, Judges.

LANGTRY, J.

**LANGTRY, J.**

Defendant appeals from jury conviction and sentence for third degree robbery. ORS 164.395(1)(a), the charging statute, provides:

"(1) A person commits the crime of robbery in the third degree if in the course of committing or attempting to commit theft he uses or threatens the immediate use of physical force upon another person with the intent of:

"(a) Preventing or overcoming resistance to his taking of the property or to his retention thereof immediately after the taking * * *."

Testimony showed that the victim operated a drive-in grocery store in Corvallis. Earlier in the evening of March 31, 1975 defendant, with others, came into the store and was particularly noted by the victim because of his conduct. He came in alone later, went to the cooler case, took out three bottles of wine and one of Pepsi, paused by the checkout stand and then rapidly went out the door without paying. The victim pursued at about 10 to 20 feet behind defendant. They were still in the store parking lot, immediately in front of the store, when defendant turned and threw first one and then a second of the stolen bottles at the victim, hard enough to go past him as he ducked, and one of them hit a vehicle behind the victim. Defendant then made good his escape with the remaining two bottles of wine, but was later apprehended.

The only question is whether the physical force used in throwing the bottles can be classed as being for the retention of the stolen property "immediately after the taking" as those terms are used in the part of ORS 164.395 quoted above. We hold it was.

Defendant cites us to 67 Am Jur 2d 45, Robbery, § 26 and LaFave and Scott, Criminal Law 692, 698, § 94 (hornbook series 1972) for the general rule that the element of force used to effect the theft of property necessary to prove robbery is force or threat thereof preceding or accompanying the taking. This is the rule that was applicable at common law, and under many

statutes. However, the last sentence in the Am Jur 2d citation is: "* * * In some jurisdictions, by statute, the offense is robbery if force or fear is used to retain possession of the stolen property * * *." 67 Am Jur 2d, supra, at 46.

The victim without equivocation testified that he pursued defendant with intent to regain his property—that he would probably have let defendant go if he had gotten it back. He also testified: "I probably did shout that I wanted the merchandise back."

It is unnecessary to decide whether the statute also covers a situation where it is not so clear as here whether the force was used to retain the stolen goods, that is, whether, with more elapsed time and space from the taking, the force could be interpreted as having been intended to effect escape from some threatened detention, rather than retaining of stolen property. The situation here clearly comes under the robbery statute.

Affirmed.