Argued February 18, affirmed March 8, reconsideration denied April 14,
petition for review denied May 18, 1976

STATE OF OREGON, *Respondent,*
*v.*
VICTORIA ELAINE TOLSON, *Appellant.*
(No. C 75-04-1257 Cr, CA 5106)
546 P2d 1115

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Donald L. Paillette,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

LANGTRY, J.

**LANGTRY, J.**

Defendant appeals from a court conviction, after she waived jury trial, of robbery in the second degree under ORS 164.405(1)(b) which provides:

"(1) A person commits the crime of robbery in the second degree if he violates ORS 164.395 and he:

"* * * * *

"(b) Is aided by another person actually present."

ORS 164.395(1)(a) provides:

"(1) A person commits the crime of robbery in the third degree if in the course of committing or attempting to commit theft he uses or threatens the immediate use of physical force upon another person with the intent of:

"(a) Preventing or overcoming resistance to his taking of the property or to his retention thereof immediately after the taking * * *."

In *State v. Rios,* 24 Or App 393, 545 P2d 609 (1976), we held that a shoplifter with stolen goods in his possession, pursued by the storekeeper owner of the goods to prevent his escaping with the goods, who turned immediately in front of the store and threw at the owner bottles which were part of the goods was guilty of third degree robbery under the part of ORS 164.395 quoted above.

This case adds two distinctive features to the facts of *Rios*: First, the defendant here was aided by other persons actually present, which has the effect of making the crime, if otherwise proven, second degree robbery under ORS 164.405(1)(b) quoted above; and second, in the course of the defendant's flight at the point where the force was used, the shoplifted goods had been taken considerably further from the store than in *Rios*.

The defendant put on no evidence. The state's case which the court believed proved that defendant and another young woman shoplifted from Nordstrom's store in the Portland Lloyd Center three pair of slacks. Two security officers, a man and a woman, observed

[ 659 ]

the theft and followed them from the store. Defendant and the other young woman realized they were followed, walked fast and ran 220 feet easterly past the fronts of four adjoining shops, 130 feet southerly through the fourth shop, and 105 feet easterly where the male officer caught defendant and told her he was a security officer and she was under arrest. Defendant fought him, using a shopping bag, fists and one of her shoes as weapons. A man stepped from among the onlookers and struck the male officer with his fists and then disappeared. In the meantime the female officer caught up and sought to arrest the other shoplifter, who had stopped. She also met resistance and her subject broke loose and escaped. She then turned her attention to defendant, who had by then been partially subdued by the male officer. Seeing this, the female officer stooped to recover the stolen slacks, which had fallen from a shopping bag onto the walkway. As she was stooping, back turned, defendant broke loose, leaped upon her back and fastened onto her hair. From this position the male officer and another who arrived effected defendant's capture.

■ In *Rios,* we made particular note of the fact that the statutory scheme makes robbery out of what is otherwise theft " '* * * if force or fear is used to retain possession of the stolen property * * *.' " That is, the words of ORS 164.395(1)(a) are, if the force is used "with the intent of" "* * * [overcoming resistance to the] *retention thereof immediately after the taking,*" it is robbery in the appropriate degree. (Emphasis supplied.)

The trial judge, while making his decision, commented, "* * * [W]hat other explanation is there * * * she jumped on the other security officer when * * * [that] officer started to pick up the stolen property? That was certainly not to facilitate escape * * *." We accept as a found fact that the defendant's intent was to use force in order to retain the stolen goods.

■■ It is obvious that the legislature's intent was to

make theft of and escape with property by use of force a more serious crime than theft without force. The force must come "immediately" after the taking at the latest. It is not stretching the meaning of the word to hold that, where hot pursuit continues for 455 feet with overtaking and use of force at that point, the entire action was "immediate." One of the dictionary definitions of the word is "having nothing coming between * * * not separated in time * * *." Webster's New Twentieth Century Dictionary 909 (unabridged 2d ed 1964).

Affirmed.