Argued July 18, remanded with directions October 2, 1978

## STATE OF OREGON, *Respondent,*
### *v.*
## DONALD DEAN FICKES, *Appellant.*
### (No. J77-2413, CA 10365)
584 P2d 770

James E. Mountain, Jr., Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Catherine Allan, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

[ 361 ]

SCHWAB, C. J.

**SCHWAB, C. J.**

Defendant appeals from his convictions for attempted murder, first-degree robbery and second-degree robbery. The charges all involved the same victim and conduct at the same time and place. The only question raised which was also raised in the trial court and thus preserved on appeal is: To what extent do the three convictions merge?

I. The Robbery Convictions.

The *first*-degree robbery charge alleged defendant "did attempt to cause serious physical injury to [the victim]." This is an element of first-degree robbery under ORS 164.415(1)(c). The *second*-degree robbery charge alleged defendant, at the same time and place, did "use physical force upon [the same victim], being aided by another person actually present * * *." This is an element of second-degree robbery under ORS 164.405(1)(b).

We are mystified by the state's choice to so structure its indictment. Addition of an allegation that defendant was "aided by another person actually present" to a single first-degree robbery count would have permitted second-degree robbery to have been submitted to the jury as a lesser-included offense. *See State v. Washington,* 273 Or 829, 543 P2d 1058 (1975). Setting out a lesser-included offense as a separate charge is generally "unnecessary verbiage," *State v. McCauley,* 8 Or App 571, 576, 494 P2d 438, *rev den* (1972). It does introduce the possibility of unwarranted confusion.

In any event, a person cannot be convicted of both a greater charge and its lesser-included components. *State v. Cloutier,* 33 Or App 121, 128, 575 P2d 996, *rev allowed* 282 Or 385 (1978). Specifically, for present purposes, given conduct at a given time and place involving a given victim can constitute either first-degree robbery or second-degree robbery, not both. When the jury returned guilty verdicts on both de-

grees of robbery charged, it was necessary to merge second degree into first degree.

## II. Attempted Murder and Robbery.

In *State v. Steele*, 33 Or App 491, 497, 577 P2d 524 (1978), we held: "* * * when the state relies upon precisely the same act to establish the use-physical-force element of robbery and the cause-physical-injury element of assault, the assimilation of one crime into the other is so substantial as to warrant assuming a legislative intent to merge." We now conclude that the same rationale requires the same conclusion as to the attempted murder and robbery convictions in this case.

The evidence established that defendant or his confederate hit the victim in the face and demanded his money. The victim was struck additional times, with fists and possibly a metal object, and finally thrown or pushed into a log pond. Before the altercation, the victim had a wallet and a wristwatch; afterward he did not; but he could not remember when and how they were taken from him.

Reading ORS 161.405, 163.005 and 163.115 together, attempted murder is conduct which constitutes a substantial step toward causing the death of another human being. An element of all degrees of robbery is that the actor "uses or threatens the immediate use of physical force." ORS 164.395. The actor's use of force can be to compel delivery of property, to overcome resistance to his taking it or to overcome resistance to his retention of it after the taking. ORS 164.395(1)(a) and (b). In this case, the conduct which constituted a substantial step toward causing the death of another human being was striking the victim and throwing him into a log pond. But striking the victim was also force used to compel delivery of property. And contemporaneously throwing the victim into the log pond was force used to overcome resistance to retention of property. *See State v. Rios,* 24 Or App 393, 545 P2d 609 (1976). The state, thus, relies on the same acts to

establish attempted murder and the use-physical-force element of robbery. Following *Steele,* we find a legislative intent to merge the robbery conviction into the attempted-murder conviction.

Our conclusion does not mean that once having assaulted another, as in *Steele,* or attempted to murder another, as here, a person is free to help himself to his victim's property. Such facts would support an attempted-murder charge and conviction and a separate theft charge and conviction.

III. Disposition of Merged Offenses.

The trial court concluded, correctly we believe, that the robbery convictions merged into the attempted murder conviction. However, the trial court apparently regarded the merger doctrine as relating to the number of possible *sentences,* not the number of possible *convictions,* because it entered a judgment order reciting that defendant was guilty of three crimes and imposing a single sentence.

Although admittedly there may be some ambiguity on the point in Oregon appellate decisions, we regard merger as a limitation on the number of possible convictions. *State v. Callaghan,* 33 Or App 49, 60, 576 P2d 14 (1978). As we said:

> "* * * An improper judgment of conviction is not necessarily moot just because defendant will remain incarcerated on a separate valid judgment of conviction. Whether defendant stands convicted of one or two felonies can have a variety of collateral consequences for him; for example, in those states that do have habitual criminal laws. As we said in *State v. Farr,* supra:
>
>> " '* * * The error substantially affects defendant's status by placing one felony conviction against him which should not exist. * * *.' 8 Or App at 82, n 1."

*State v. Meyer,* 12 Or App 486, 493, 507 P2d 824 (1973).

The cause is remanded for entry of a judgment order reciting that defendant is guilty of attempted murder and appropriate disposition (*see State v.*

*Morales,* 21 Or App 827, 537 P2d 109, 22 Or App 470, 539 P2d 1112, *rev den* (1975)) of the robbery charges.

Remanded with directions.