## STATE OF OREGON, *Respondent,*
*v.*
## KENNETH WAYNE KLINE, *Appellant.*
## (No. 77-12-17356, CA 10749)

588 P2d 675

Marianne Bottini, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Walter L. Barrie, Solicitor General, Salem, argued the cause for respondent. With him on the brief was James A. Redden, Attorney General, Salem.

Before Schwab, Chief Judge, and Johnson, Gillette, and Roberts, Judges.

GILLETTE, J.

## GILLETTE, J.

Defendant was charged with robbery in the first degree, ORS 164.415(1)(b),[1] and burglary in the first degree, ORS 164.225(1)(b),[2] by the following indictment:

### COUNT I

"The said defendant, on or about December 8, 1977, in the County of Multnomah, State of Oregon, *did unlawfully and knowingly use physical force upon Phillip Andrew Waybrant, and did use a dangerous weapon, to-wit: a 2 X 4 board,* while in the course of committing theft of property, to-wit: a wallet and its contents, lawful monies of the United States of America, and a set of keys, with the intent of preventing resistance to the said defendant's taking of the said property, contrary to the Statutes in such cases made and provided, and against the peace and dignity of the State of Oregon.

### COUNT II

"As part of the same act and transaction alleged in Count I herein, the defendant is accused by the Grand Jury of Multnomah County, State of Oregon, by this indictment of the crime of

### BURGLARY IN THE FIRST DEGREE

committed as follows:

The said defendant, on or about December 8, 1977, in the County of Multnomah, State of Oregon, did unlawfully and knowingly enter and remain in a building located at Mall 205, 10000 Southeast Washington, with the intent to commit the crime of theft therein, and, while in

---

[1] ORS 164.415(1)(b) provides:

"(1) a person commits the crime of robbery in the first degree if he violates ORS 164.395 and he:

"* * * * *

"(b) Uses or attempts to use a dangerous weapon: * * *."

[2] ORS 164.225(1)(b) provides:

"(1) A person commits the crime of burglary in the first degree if he violates ORS 164.215 and the building is a dwelling, or if in effecting entry or while in a building or in immediate flight therefrom he:

"* * * * *

"(b) Causes or attempts to cause physical injury to any person; * * *."

effectuating entry to said building or while inside said building, *the said defendant did cause physical injury to Phillip Andrew Waybrant,* contrary to the Statutes in such cases made and provided, and against the peace and dignity of the State of Oregon.

"* * * * *" (emphasis added)

A jury found defendant guilty on both counts. The trial court entered separate judgments of conviction and imposed two consecutive ten-year terms of imprisonment. On appeal defendant raises two assignments of error, only one of which we deem it necessary to discuss: the claim that the trial court erred in failing to merge the convictions for purposes of sentencing.

The merger issue arises here because the state relied on exactly the same violent act to elevate the robbery charge to robbery in the first degree and the burglary charge to burglary in the first degree. One element of first degree robbery, "[u]ses * * * a dangerous weapon," ORS 164.415(1)(b), was satisfied by defendant's use of a "2x4" board against Phillip Waybrant, the victim. An element of first degree burglary, "[c]auses * * * physical injury," ORS 164.225(1)(b), was satisfied by defendant's injuring Phillip Waybrant by striking him with that board.

Whether the defendant can be convicted and sentenced on more than one crime based on the same course of conduct is a question of legislative intent. *See, e.g., State v. Gilbert,* 281 Or 101, 574 P2d 313 (1978); *State v. Steele,* 33 Or App 491, 577 P2d 524, *rev pending* (1978). When the state uses precisely the same act to establish the uses-a-dangerous-weapon element of first degree robbery and the causes-physical-injury element of first degree burglary, "the assimilation of one crime into the other is so substantial as to warrant assuming a legislative intent to merge." *State v. Steele, supra,* 33 Or App at 497. Further, the interest protected by the uses-a-dangerous-weapon element of first degree robbery is substantially the same as that protected by the causes-

physical-injury element of first degree burglary. *See State v. Steele, supra. Cf. State v. Girard,* 34 Or App 85, 578 P2d 415 (1978).

This case presents a situation analogous to those in *State v. Girard, supra,* and *State v. Fitzgerald,* 14 Or App 361, 513 P2d 817 (1973),[3] in that the convictions do not merge entirely but only to the extent that the same violent act is an element of each. We conclude that the first degree robbery conviction should be affirmed, and the burglary conviction reduced to burglary in the second degree, ORS 164.215, which has no element of physical force and which is a lesser included offense of first degree burglary, ORS 164.225, of which defendant has been found guilty.

Affirmed in part; reversed and remanded.

---

[3] In *State v. Girard,* the defendant was convicted and sentenced, *inter alia,* on first degree escape and second degree assault. In *State v. Fitzgerald,* the defendant was convicted and sentenced on attempted escape in the first degree and assault in the first degree. In each of those cases we concluded that the legislature did not intend that a person could be separately convicted and sentenced on an escape charge involving an element of physical force, and an assault charge when the same act of force causes physical injury. We noted in *Fitzgerald* that defendant could be convicted of second degree escape, along with assault, since second degree escape contains no element of physical force.