# STATE OF OREGON, *Respondent,*
*v.*
# MARLA CATHERINE ROSEN, *Appellant.*
## (No. 39507, CA 11801)
589 P2d 1132

James M. Gillis, Newport, argued the cause for appellant. With him on the brief was Litchfield, Macpherson, Carstens & Gillis, Newport.

Jan P. Londahl, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

The sole question on appeal is whether a single episode of misconduct in connection with the care of a child is punishable under ORS 163.555, the criminal nonsupport statute.[1]

Defendant took her three-month-old daughter with her to a tavern in Newport but was asked to take the child out of the tavern. Then, some time between 8 p.m. and 9 p.m., defendant asked for and received permission from one Gerald Pfund to put her daughter in his car for 10 or 15 minutes. After placing the child in Pfund's car, defendant returned to the tavern, where she got drunk. She remained there until a little past midnight. Pfund left the tavern about 1 a.m., got into his car, stopped at a friend's house, and then proceeded to his boat to sleep. Pfund did not notice that defendant had not picked up her child when she left the tavern but instead had departed for a nearby boat, where she spent the night. When defendant awoke at about 6:30 that morning, she was driven to the dock where Pfund's car was parked. The child was found dead in the back seat of the car. Defendant was charged and convicted under both the nonsupport statute and under ORS 163.545, the child neglect statute.

The trial court found that the child neglect conviction merged into the nonsupport conviction, ordered that the sentence on the nonsupport charge be suspended and that defendant be placed on probation for four years. Defendant appeals her conviction of criminal nonsupport, asserting that her conduct is not punishable under the nonsupport statute. She does not contest her conviction of child neglect.

---

[1] ORS 163.555 provides in pertinent part that

"(1) [a] person commits the crime of criminal nonsupport if, being the parent, lawful guardian or other person lawfully charged with the support of a child under 18 years of age, born in or out of wedlock, he refuses or neglects without lawful excuse to provide support for such child.

"* * * * *."

■■ Whether a defendant may be convicted of two separate offenses arising out of the same course of conduct depends upon the intent of the legislature in enacting the statutes creating the offenses. *State v. Woolard,* 259 Or 232, 235, 484 P2d 314, 485 P2d 1194 (1971). Here, the legislature clearly expressed its intent that the two statutes complement one another in reaching two different types of conduct. Proposed Oregon Criminal Code 176, Commentary, § 174 (1970). The criminal nonsupport statute's purpose is to make it a felony for a parent or a person in loco parentis to fail to meet his continuing financial obligation to support his children as long as they are minors. *See State v. Sprague,* 25 Or App 621, 624-25, 550 P2d 769 *rev den* (1976). In contrast, the child neglect statute makes it a misdemeanor for anyone having custody or control of a child under 10 years of age to act unreasonably by leaving such a child unattended in any situation likely to endanger its health or welfare. ORS 163.545. The defendant's acts of omission were subject to prosecution under the child neglect statute, but not under the criminal nonsupport statute.

Remanded for entry of a judgment order holding defendant guilty of child neglect and for resentencing. *See State v. Fickes,* 36 Or App 361, 365-66, 584 P2d 770 (1978).