Argued and submitted May 24,
reversed and remanded August 20,
reconsideration denied September 25,
petition for review denied November 27, 1979

STATE OF OREGON,
*Respondent,*

*v.*

KENNETH WAYNE PIAZZA,
*Appellant.*

(No. 77-2393-C-2, CA 11585,
No. 77-2394-C-2, CA 11587,
No. 77-2397-C-2, CA 11588,
No. 77-2395-C-2, CA 11586,
No. 78-1091-C-1, CA 11785,
No. 78-1090-C-1, CA 11784)
(cases consolidated)

602 P2d 280

[465]

Marianne Bottini, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Michael J. Francis, Certified Law Student, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Tanzer, Richardson and Roberts, Judges.

TANZER, J.

## TANZER, J.

Defendant was convicted of being an exconvict in possession of a firearm, first degree robbery against one victim, manslaughter in the second degree against another victim, and escape in the third degree. He was also convicted of two counts of assault which were ordered merged. Consecutive sentences were imposed for the possession, robbery, and escape charges, and each sentence was enhanced to 30 years under the dangerous offender statute, ORS 161.725(1)) and (2), which provides:

> "The maximum term of an indeterminate sentence of imprisonment for a dangerous offender is 30 years, if the court finds that because of the dangerousness of the defendant an extended period of confined correctional treatment or custody is required for the protection of the public and if it further finds, as provided in ORS 161.735, that one or more of the following grounds exist:

> "(1) The defendant is being sentenced for a Class A felony, and the court finds that he is suffering from a severe personality disorder indicating a propensity toward criminal activity.

> "(2) The defendant is being sentenced for a felony that seriously endangered the life or safety of another, has been previously convicted of a felony not related to the instant crime as a single criminal episode, and the court finds that he is suffering from a severe personality disorder indicating a propensity toward criminal activity."

The dangerous offender statute was designed to provide a greater maximum punishment for any Class A felony where certain facts are found to exist. The terms of the enhancement statute apply to each conviction and there is nothing in the statute or its history to indicate a legislative intent to limit the applicability of the enlarged penalty to one conviction per defendant.

Defendant contends that because the assault convictions were merged with the robbery and escape convictions, recital of convictions for assault was

[467]

error, citing *State v. Fickes,* 36 Or App 361, 365, 584 P2d 770 (1978). This contention has merit. Dictum in *State v. Cloutier,* 286 Or 579, 596 P2d 1278 (1979), advises a method of imposing sentence on the lesser offense while at the same time suspending its execution pending disposition of appeal on the larger offense.[1] *See State v. Cloutier,* 286 Or at 602-603. The suggestion in *Cloutier* may weaken but certainly does not overrule the rule in *Fickes* that convictions may not be entered for both the larger offense and the merged offense. Because we are affirming the conviction of the larger offenses, the procedure outlined in *Cloutier* would be moot. Therefore, we remand to the trial court to vacate recital of convictions on the lesser offenses as in *Fickes.*

Reversed and remanded.

---

[1] A trial court might pronounce a judgment of conviction on each of the (merged) charges, indicating the sentence it would impose if conviction stood alone but suspending its execution (or suspending imposition of sentence), and accompany the judgment on each but the gravest charge with an order that the judgment is vacated by its own terms whenever the time for appeal has elapsed or the judgment appealed from has been affirmed.