UNITED STATES, Appellee,

v.

Private First Class James W. CHAMBERS, Junior, SSN 297–56–8262, United States Army, Appellant.

SPCM 14647.

U. S. Army Court of Military Review.

29 Aug. 1980.

---

934

Colonel Edward S. Adamkewicz, Jr., JAGC, Lieutenant Colonel John F. Lymburner, JAGC, Captain Kevin E. O'Brien,

JAGC, and Captain John Lukjanowicz, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major Ted B. Borek, JAGC, Captain Rexford T. Bragaw, III, JAGC, and Captain Eugene R. Milhizer, JAGC, were on the pleadings for appellee.

Before MITCHELL, DRIBBEN and WATKINS, Appellate Military Judges.

## OPINION OF THE COURT

DRIBBEN, Judge:

Appellant was convicted of robbery in violation of Article 122, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 922 (1976), by a special court–martial.[1] The military judge's inquiry into the providency of appellant's guilty plea established that appellant helped an apparently intoxicated patron, one Gerhard Kochler, leave a bar in Nuremberg, Germany. In the process, he noticed a 50 Deutche Mark (DM50) bill in Kochler's shirt pocket. Apparently unconcerned about the danger of a drunk driver, appellant left Kochler at his automobile. He then went with the barmaid, who had closed the establishment for the night, to her apartment. After being reminded of the DM50 bill by this lady, who also had observed it in Kochler's pocket while he was sleeping at a table in her bistro, appellant returned to the bar. Nearby he saw Kochler standing by his vehicle and the bill lying on the ground about two feet from Kochler.[2] Appellant bent over to pick up the money, but before he was able to put it in his pocket Kochler grabbed him. A struggle for the bill ensued during which blows were exchanged. Appellant, having bested his opponent, returned to his girlfriend's apartment with the money which he gave her. The value of the currency was approximately $25.

1. PFC Chambers was sentenced to a bad–conduct discharge, confinement at hard labor for four months, forfeiture of $225 pay per month for four months and reduction to the lowest enlisted grade. The convening authority, complying with a pretrial agreement with the accused, reduced the period of confinement and forfeiture to three months, but otherwise approved the sentence.

2. Appellant informed the military judge during the providency inquiry that he knew the money lying on the ground belonged to Kochler.

Appellate defense counsel contend that the foregoing facts do not constitute the crime of robbery; hence appellant's plea of guilty was improvident. Appellant's counsel maintain that any force or violence in this case came after the bill had already been stolen when Kochler struggled with their client for recovery of Kochler's money. The Government argues that the taking was still in progress when the struggle occurred between appellant and the victim. Therefore, the defendant providently pleaded guilty to robbery.

The contentions of the parties compel us to examine carefully the nature of robbery as distinguished from larceny. Article 122, UCMJ, defines robbery as the taking, with intent to steal, of anything of value, from the person of another, against that person's will, by means of force or violence or fear. Here we are concerned with force or violence as that is the only means alleged by the specification and supported by record. For a robbery to be committed by force or violence, there must be actual force or violence to the person preceding or accompanying the taking. It is immaterial that there may have been no fear engendered in the victim. Paragraph 201, Manual for Courts–Martial, United States, 1969 (Revised edition). Under the provisions of Article 121, 10 U.S.C. § 921, UCMJ, larceny involves a wrongful taking of something of value with the intent permanently to deprive the person from whom the item is taken of its use and benefit. Hence, in this case, the general distinction between robbery and larceny is whether the taking is by use of force or violence. In *United States v. Calhoun* 5 U.S.C.M.A. 428, 18 C.M.R. 52 (1955), it was said that robbery, both under modern statutes and common law is a compound offense composed of larceny and assault. When committed concurrently, these offenses constitute the greater crime of robbery. Therefore, if appellant took possession of the money without use of force or violence but subsequently employed force in order to retain the money or to escape, his plea of guilty to robbery was improvident. *2 Wharton's Criminal Law and Procedure (R. Anderson ed. 1957)*, § 559, p. 264; *See generally* Annot., 58 A.L.R. 656 (1929); *United States v. Hamlin*, 33 C.M.R. 707, 710 (A.F.B.R.1962), *pet. denied*, 13 U.S.C.M.A. 713, 33 C.M.R. 436 (1963).[3]

We have concluded on the basis of the factual circumstances shown in the record of trial that the taking of Kochler's currency was not complete when Kochler commenced his struggle with appellant. Appellant had merely bent over and grasped the bill and was just beginning to rise when he encountered resistance. Kochler's efforts were aimed at retaining rather than regaining possession of his property and as a result of his efforts to this end, the DM50 bill did not come under appellant's dominion and control until he exerted force and violence sufficient to subdue Kochler. Thus, the requirements for a provident plea of guilty to robbery were satisfied.

In another assignment of error, appellate defense counsel contend that a post–trial misconduct provision in their client's pretrial agreement with the convening authority is void as a matter of law and public policy. This issue has been resolved to the contrary by this Court. *United States v. Thomas*, 6 M.J. 573, 575 (A.C.M.R.1978).

The findings of guilty and the sentence are affirmed.

Senior Judge MITCHELL and Judge WATKINS concur.

---

3. Although, as discussed in *Wharton, supra*, and in 58 A.L.R. at 662, there is a discrepancy in the decisions of some jurisdictions due to the uncertainty as to when a taking is completed, the requirement that force (or fear) must be employed before or at the time of the taking in order to commit the crime of robbery is generally accepted in the absence of a statutory definition different from that codified in Article 122, UCMJ. See, *e. g. State v. Tolson*, 24 Or.App. 657, 546 P.2d 1115 (1976); *State v. Sala*, 63 Nev. 270, 169 P.2d 524 (1946); *Kernell v. State*, 53 Okl.Cr. 259, 10 P.2d 287 (1932).