Argued and submitted November 23, 1983, remanded for entry
of new judgment June 6, reconsideration denied July 6,
petition for review denied August 8, 1984 (297 Or 547)

## STATE OF OREGON,
*Respondent,*

*v.*

## MICHAEL EUGENE LAVENDER,
*Appellant.*

(10-82-00785; CA A25644)

682 P2d 823

Marilyn C. McManus, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Margaret E. Rabin, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

### BUTTLER, P. J.

Defendant appeals his convictions in a jury trial for attempted murder and assault in the first degree, contending that the two charges should have been merged for purposes of conviction.[1] The two charges stem from a single incident in which defendant repeatedly stabbed his girlfriend. For the purpose of sentencing, the trial court merged the assault with the attempted murder. We conclude that the convictions should have been merged into one conviction and reverse.

■■ In *State v. Cloutier,* 286 Or 579, 586, 596 P2d 1278 (1979), the Supreme Court held that a true merger occurs "when the completion of one offense necessarily includes commission of acts sufficient to constitute violation of another statute. * * *" In such a case, a judgment of conviction on only one of the charges is proper. 286 Or at 597. This court, in an attempt to define further the principles of *Cloutier* and of a related case, *State v. Gilbert,* 281 Or 101, 574 P2d 313 (1978), stated:

"* * * A defendant is subject to only a single conviction and sentence for conduct directed to the accomplishment of a single criminal objective that causes a single injury to a single victim. * * *" *State v. Kincaide,* 43 Or App 73, 81, 602 P2d 307 (1979).

Assault in the first degree is defined by ORS 163.185:

"A person commits the crime of assault in the first degree if he intentionally causes serious physical injury to another by means of a deadly or dangerous weapon."

Attempted murder is committed when a person intentionally engages in conduct that constitutes a substantial step toward intentionally causing the death of a human being. ORS 161.405; ORS 163.115; *State v. Fickes,* 36 Or App 361, 364, 584 P2d 770 (1978). The state relies on the same acts to establish the assault that it uses to establish defendant's conduct in taking a substantial step toward causing the death of the victim. If defendant intended to cause the death of the victim, the acts constitute attempted murder; if he did not, the acts constitute assault in the first degree. Under these circumstances, the assimilation of one crime into the other is so

---

[1] Defendant also appeals the court's denial of his motion to suppress certain physicial evidence and statements. There was no error.

substantial as to warrant an assumption of a legislative intent to merge the two crimes. *State v. Fickes, supra; State v. Kline,* 37 Or App 899, 902, 588 P2d 675 (1978); *State v. Steele,* 33 Or App 491, 577 P2d 524 (1978), *rev den* 285 Or 195 (1979). Further, it is clear that it is not possible for defendant to have committed attempted murder under these facts without having also committed assault in the first degree. The convictions must be merged. *State v. Cloutier, supra,* 286 Or at 596.

The cause is remanded for the entry of a new judgment order convicting defendant only for the crime of attempted murder.