Argued and submitted December 20, 1985, remanded for entry of judgment and for resentencing July 23, reconsideration denied October 31, petition for review denied December 16, 1986 (302 Or 460)

# STATE OF OREGON,
*Respondent,*

*v.*

# RICHARD ALLEN DAVIS,
*Appellant.*

## (84-4203-C-1; CA A35436)

722 P2d 38

Joseph C. Guimond, Salem, argued the cause for appellant. With him on the brief was Enfield, Guimond & Brown, Salem.

Philip Schradle, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Warden, Judge.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals convictions for attempted murder, ORS 161.405, 163.115, assault in the first degree, ORS 163.185, and robbery in the first degree. ORS 164.415. The convictions arose from an incident in which defendant stabbed the victim with a knife while trying to steal money and property from him. The trial court sentenced defendant to 20 years in prison, with a 10-year minimum, on the attempted murder conviction and "merged" the assault conviction into the attempted murder only for the purposes of sentencing. It also sentenced him to 20 years in prison, with a 10-year minimum, on the robbery conviction, to run consecutively with the sentence on the other two convictions. Defendant assigns error to the trial court's failure to merge the convictions for assault and robbery into a single conviction for attempted murder.[1]

The state concedes that the trial court should have merged the assault conviction with the attempted murder conviction, because it relied on the same events to prove the assault and the attempted murder. *State v. Lavender,* 68 Or App 514, 682 P2d 823, *rev den* 297 Or 547 (1984). It argues that the attempted murder and robbery conviction are separate and should not be merged.

In *State v. Fickes,* 36 Or App 361, 584 P2d 770 (1978), we held that when the state relies on the same act to establish the use of physical force element of robbery and to prove attempted murder, the robbery conviction merges into the attempted murder conviction. The state relied on the stabbing to prove the use of physical force element of both robbery and attempted murder; under *Fickes,* defendant's robbery conviction must be merged into his attempted murder conviction.

Remanded for entry of judgment of conviction for attempted murder only and for resentencing.

---

[1] We do not address defendant's other assignments of error, because he did not preserve them in the trial court.