Argued and submitted June 28, remanded with instructions; otherwise affirmed
September 6, reconsideration denied November 17, petition for review denied
December 12, 1989 (308 Or 608)

## STATE OF OREGON,
*Respondent,*

*v.*

## JOSEPH SCOTT FOX,
*Appellant.*

### (C87-11-36697; CA A48578)

779 P2d 197

Peter Gartlan, Salem, argued the cause for appellant. With him on the briefs was Gary D. Babcock, Public Defender, Salem.

Michael C. Livingston, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

PER CURIAM

## PER CURIAM

Defendant appeals his convictions for burglary in the first degree, ORS 164.225, attempted aggravated felony murder with a firearm, ORS 163.095, attempted murder with a firearm, ORS 163.115, and attempted assault in the first degree with a firearm. ORS 163.185. The state concedes that the attempted murder and attempted assault counts merge with the attempted aggravated felony murder count, and we remand for entry of a single judgment of conviction on the latter charge. *State v. Cloutier,* 286 Or 579, 596 P2d 1278 (1979); *State v. Lavender,* 68 Or App 514, 682 P2d 823, *rev den* 297 Or 547 (1984); *see also* ORS 161.062(1).

■     Defendant also urges merger of the burglary and attempted aggravated felony murder counts, but he did not present that issue to the trial court. The question is a close one; therefore, any error is not egregious, and we will not consider it for the first time on appeal. *State v. McNamer,* 80 Or App 418, 420, 722 P2d 51 (1986).

■     Defendant assigns error to the trial court's exclusion of expert testimony regarding the reliability of eyewitness identifications, but we find no abuse of discretion in the trial court's ruling that the proffered testimony would not be helpful to the jury. OEC 702; *State v. Stringer,* 292 Or 388, 639 P2d 1264 (1982).

Remanded for entry of judgment convicting defendant only for burglary in the first degree and attempted aggravated felony murder with a firearm; otherwise affirmed.