478

[No. 27871-5-II. Division Two. June 14, 2002.]

THE STATE OF WASHINGTON, *Respondent*, v. RICKY DALE
McINTYRE, *Appellant*.

*John A. Hays*, for appellant (appointed counsel for appeal).

*Susan I. Baur, Prosecuting Attorney*, and *Edwin N. Norton, Deputy*, for respondent.

QUINN-BRINTNALL, A.C.J. — Ricky Dale McIntyre pleaded guilty to second degree robbery. The sentencing court treated his Oregon third degree robbery conviction as equivalent to a second degree robbery under Washington law. He now asks us to review that decision. Finding no error, we affirm.

## FACTS

On April 28, 2001, McIntyre, Brian Berkenmeier, and another unidentified man were sharing a bottle of whiskey in an alley in Longview when the man knocked Berkenmeier down and McIntyre stole his money. McIntyre later admitted what he did and pleaded guilty. At sentencing, he contested his offender score calculation, claiming that his 1995 Oregon conviction of third degree robbery was not equivalent to a Washington second degree robbery conviction and, thus, his sentencing range should have been 12 to 14 months, not 15 to 20 months.[1] the court disagreed and sentenced him to 15 months' confinement.

---

[1] McIntyre's criminal history consisted of the following:

1976—Taking A Motor Vehicle Without Owner's Permission (Washington)

## ANALYSIS

 We apply a three-part test when deciding how to characterize an out-of-state conviction under Washington law during sentencing. First, we convert the out-of-state crime into its Washington counterpart. Second, we determine the sentencing consequences of the Washington counterpart. And third, we assign those consequences to the out-of-state conviction. *State v. Russell*, 104 Wn. App. 422, 440, 16 P.3d 664 (2001) (citing *State v. Berry*, 141 Wn.2d 121, 130-31, 5 P.3d 658 (2000)).

 Our first step here then is to compare the elements of the out-of-state crime with the proposed counterpart.[2] *Russell*, 104 Wn. App. at 441. Only one question is posed here: is third degree robbery in Oregon (OR. REV. STAT. (ORS) 164.395) comparable to second degree robbery in Washington (RCW 9A.56.190)?

ORS 164.395 defines third degree robbery:

(1) A person commits the crime of robbery in the third degree if in the course of committing or attempting to commit theft the person uses or threatens the immediate use of physical force upon another person with the intent of:

(a) Preventing or overcoming resistance to the taking of the property or to retention thereof immediately after the taking; or

(b) Compelling the owner of such property or another person to deliver the property or to engage in other conduct which might aid in the commission of the theft.

RCW 9A.56.190 defines robbery:

A person commits robbery when he unlawfully takes personal property from the person of another or in his presence against his will by the use or threatened use of immediate force,

1995—Third Degree Robbery (Oregon)
1998—Second Degree Burglary (Washington)
1998—Third Degree Assault (Washington)

[2] The statutes in effect at the time of McIntyre's out-of-state conviction have not changed and, thus, we use the current statutes here.

violence, or fear of injury to that person or his property or the person or property of anyone. Such force or fear must be used to obtain or retain possession of the property, or to prevent or overcome resistance to the taking; in either of which cases the degree of force is immaterial. Such taking constitutes robbery whenever it appears that, although the taking was fully completed without the knowledge of the person from whom taken, such knowledge was prevented by the use of force or fear.

RCW 9A.56.210 defines second degree robbery:

(1) A person is guilty of robbery in the second degree if he commits robbery.

(2) Robbery in the second degree is a class B felony.

Both statutes require (a) a theft; (b) the use or threatened use of immediate force or fear of injury; and (3) the force or fear be used to obtain or retain the property. McIntyre argues that the Washington statute includes the additional requirement that the property be taken "from the person of another or in his presence against his will." RCW 9A.56.190.

As an example, he argues that if a person shoplifts from a store, leaves the store, is confronted by a security guard, pushes the security guard, and flees, he would not be guilty of robbery in Washington because he did not take the property from another or against his will by the use or threatened use of force. Yet in Oregon, he would be guilty of third degree robbery.

We agree that such conduct would be third degree robbery in Oregon. *See State v. Rios*, 24 Or. App. 393, 545 P.2d 609 (1976) (shoplifter threw wine bottles at pursuing owner outside of store); *State v. Tolson*, 24 Or. App. 657, 546 P.2d 1115 (1976) (shoplifter jumped on officer's back 455 feet from store in attempt to retain stolen property). We disagree, however, that such conduct would not be second degree robbery in Washington. *See State v. Manchester*, 57 Wn. App. 765, 790 P.2d 217 (1990) (shoplift followed by pursuit outside the store and force to retain property

sufficient to establish robbery). *See also State v. Handburgh*, 119 Wn.2d 284, 830 P.2d 641 (1992) (force during retention sufficient even if taking peaceful or outside owner's presence).

When the Washington Legislature amended the robbery statute in 1975, it deleted the phrase that using force "merely as a means of escape . . . does not constitute robbery." *Manchester*, 57 Wn. App. at 770. Adopting the transactional view of robbery, the *Manchester* court observed: "This change indicates the Legislature's intent to broaden the scope of taking, for purposes of robbery, by including violence during flight immediately following the taking." 57 Wn. App. at 770.

In *Handburgh*, the court adopted *Manchester*'s reasoning in a case in which the defendant rode off on a bicycle while the owner was inside a recreational center. Several minutes later, the owner came out, saw Handburgh on her bicycle, and demanded its return. But Handburgh refused. Instead he took her bicycle, rode it into an alley, and dropped it into a ditch. When the owner went to retrieve it, Handburgh threw rocks at her. After a fistfight ensued, the owner left, leaving the bicycle behind. *Handburgh*, 119 Wn.2d at 285-86. On appeal from his second degree robbery conviction, Handburgh made the same argument that McIntyre makes here; namely, that because the initial taking was not in the owner's presence, it was a theft and the subsequent behavior would be an assault.

The Court disagreed and, after discussing *Manchester* with approval, observed:

> The plain language of the robbery statute says the force used may be either to obtain *or retain* possession of the property. We hold the force necessary to support a robbery conviction need not be used in the initial acquisition of the property. Rather, the retention, via force against the property owner, of property initially taken peaceably *or* outside the presence of the owner, is robbery.

*Handburgh*, 119 Wn.2d at 293.

■ Because the elements of the out-of-state crime and the Washington counterpart are the same, the out-of-state court necessarily found each fact necessary to liability for the Washington crime and, " 'thus, the foreign conviction . . . counts . . . as if it were the equivalent Washington offense.' " *Russell*, 104 Wn. App at 441 (quoting *State v. Morley*, 134 Wn.2d 588, 606, 952 P.2d 167 (1998)). Because the out-of-state crime does not contain alternative elements, our inquiry ends without examining the proven facts from the out-of-state record. *Russell*, 104 Wn. App. at 442.

The second step in our analysis is to determine the relevant sentencing consequences of the Washington counterpart. *Russell*, 104 Wn. App. at 443. They are that McIntyre's third degree robbery is treated as both a class B offense, RCW 9A.56.210, and a violent offense, former RCW 9.94A.030(41) (1999).

The final step in our analysis is to assign those same sentencing consequences to the out-of-state offense. *Russell*, 104 Wn. App. at 443. The sentencing court did so by including the offense in his offender score as it did not wash out under former RCW 9.94A.360(2) (10 year wash-out rule) and by adding two points to McIntyre's offender score for a prior violent offense.

The sentencing court properly treated McIntyre's prior third degree robbery conviction as a second degree robbery under Washington law. We affirm.

MORGAN and HOUGHTON, JJ., concur.