Argued and submitted October 20, affirmed December 22, 1980

# STATE OF OREGON,
*Respondent,*

*v.*

# RONALD JAMES WILLIAMS,
*Appellant.*

## (No. B53-039, CA 18053)

621 P2d 621

James C. Jagger, Eugene, argued the cause for appellant. With him on the brief was Diment, Jagger & Billings, Eugene.

W. Benny Won, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Schwab, Chief Judge, and Richardson and Buttler, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Defendant appeals his conviction after jury trial of sexual abuse in the second degree. ORS 163.415.[1] He raises two assignments of error: (1) that the trial court erred in denying his motion for a mistrial made after the prosecutor in opening statement referred to defendant's assertion of his constitutional right to counsel, and (2) that there was insufficient evidence to support the jury's determination of defendant's guilt. We affirm.

Defendant was charged with three separate acts of sexual abuse in the second degree. The acts allegedly occurred during encounters between the defendant and the complainant in the late spring and early summer of 1979. The charges were consolidated for trial. The jury acquitted defendant of two of the charges and convicted him of one. The charge for which defendant was convicted, and which is the sole subject of defendant's appeal, arose out of the last alleged encounter on June 7, 1979.

Defendant met the complainant, who was thirteen years old, sometime in 1979, while working as a volunteer counselor at a shelter home in Eugene. The complainant testified that on June 7, 1979, she and defendant went to a park in the Eugene area. She stated that, as on a number of prior occasions, defendant wanted to take photographs of her. Defendant bought beer and both of them drank during the two hours spent in the park. The complainant testified that while lying on a blanket, defendant kissed her and

---

[1] ORS 163.415 provides:

"(1) A person commits the crime of sexual abuse in the second degree if he subjects another person to sexual contact; and

"(a) The victim does not consent to the sexual contact; or

"(b) The victim is incapable of consent by reason of being under 18 years of age, mentally defective, mentally incapacitated or physically helpless.

"(2) In any prosecution under subsection (1) of this section it is an affirmative defense for the defendant to prove that:

"(a) The victim's lack of consent was due solely to incapacity to consent by reason of being under 18 years of age; and

"(b) The victim was more than 14 years of age; and

"(c) The defendant was less than four years older than the victim.

"(3) Sexual abuse in the second degree is a Class A misdemeanor."

rubbed her vaginal area through her clothing. Prior to, and after the incident, she testified that defendant had her pose for photographs. The photographs, admitted in evidence during defendant's trial, showed the complainant nude, partially nude, and in a number of provocative poses. Defendant denied any sexual touching occurred and offered evidence that the complainant had fabricated the allegations.

Defendant's first assignment of error is that the trial court erred in denying his motion for a mistrial made after the prosecutor's opening statement. During his opening remarks, the prosecutor made the following comments:

> "* * * About the only thing that the defendant ever said in response to this whole episode was made the morning after the apartment was searched. That was somewhere around June 26th. And that took place because Ray Broderick, an investigator for the district attorney's office, returned after executing the warrant the night before because he left his flashlight there. Defendant was the only one there and he said, 'Cinda took your flashlight and she'll try and give it back to you. She's got it at her work.' Broderick says fine, he's getting ready to leave and the defendant keeps saying , 'Hey, what's the big deal? What's the big deal? What's going on What's the big deal? What's this all about?' *Broderick says, 'Listen, you know, somebody said, or you said that you wanted to talk to your attorney first and I don't want to talk to you about the incident.'* He kept saying, 'What's the big deal? What's going on?' So Broderick said, 'Well, the big deal is you showing these pictures to Nancy, taking pictures of Nancy, and the other things that Nancy has said.' His response was, "Hey, big deal. She wanted to take her clothes off. So what?' Well, that's why we're here. * * *" (Emphasis added.)

Defendant moved for a mistrial because of the prosecutor's reference to defendant's exercise of his constitutional right to counsel. The trial court denied the motion stating, in part:

> "* * * [U]sing some kind of a scale of the potential, trying to evaluate the potential for damage to the defendant's case, the very fact, in the Court's mind at least, most jurors, most citizens are somewhat aware of the rights that they do have to remain silent. I don't find this of the type significance that should warrant a mistrial."

■      Evidence of a defendant's exercise of the constitutional right to counsel is inadmissible where the unfavorable inference is likely to be drawn by the jury that by invoking this right, the defendant must be guilty of the charged offenses. *Miranda v. Arizona,* 384 US 436, 486, 86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974 (1966); *Griffin v. California,* 380 US 609, 85 S Ct 1229, 14 L Ed 2d 106 (1965); *State v. Smallwood,* 277 Or 503, 561 P2d 600 (1977); *State v. Nulph,* 31 Or App 1155, 572 P2d 642, *rev den* 282 Or 189 (1977). In *State v. Smallwood, supra,* the Supreme Court stated:

> "There is no doubt that it is usually reversible error to admit evidence of the exercise by a defendant of the rights which the constitution gives him if it is done in a context whereupon inferences prejudicial to the defendant are likely to be drawn by the jury. * * *" 277 Or at 505-06.

In *State v. Nulph, supra,* we explained the rationale behind this rule.

> "* * * Such evidence is generally inadmissible because the state should not benefit from the improper, although perhaps logical, inference that a defendant who invokes his right to counsel is guilty of the charged offense. *State v. Smallwood,* 277 Or at 506. To permit the introduction of evidence from which such an inference is likely to be drawn would penalize one for exercising his rights." 31 Or App at 1162.

This rule is not absolute. *State v. Smallwood, supra.* If there is little likelihood that any inference adverse to the defendant could be drawn by the trier of fact, reference to defendant's exercise of this constitutional right is not prejudicial error. *State v. Smallwood, supra,* at 506; *State v. Nulph, supra,* at 1162.

■      The trial court has wide discretion in the decision to grant or deny a mistrial. *State v. Bauer,* 16 Or App 443, 519 P2d 96 *rev den* (1974). This discretion, however, is not limitless. Wherever it appears that a defendant's ability to obtain a fair adjudication of the facts has been impaired, denial of such a motion is error. *State v. McFarland,* 30 Or App 93, 97, 566 P2d 539, *rev den* (1977); *State v. Treit,* 29 Or App 461, 564 P2d 708 (1977). In *State v. Flores,* 31 Or App 187, 570 P2d 94 (1977), we stated:

"* * * In approaching a motion for a mistrial the trial court must first determine if the remarks presented to the jury would have a likelihood of prejudicing the rights of the defendant to have a fair and impartial trial. * * * The overriding inquiry is whether the defendant can receive a fair trial if it were to continue." 31 Or App at 190.

The trial court specifically found that the likelihood of prejudice to defendant was minimal. In light of the particular circumstances of this case, we agree. The prosecutor's reference occurred during the course of an opening narrative statement. The matter did not come up again nor did the prosecutor ever argue that any inference should be drawn by the jury from defendant's claim. The context in which the comment arose indicates that defendant was trying to get the detective to discuss the matter, and the reference merely stated the detective's reply. Defendant testified at trial and specifically denied the incident occurred. Finally, the jury acquitted defendant on two of the three charges notwithstanding the reference.

We conclude that the comment was not made for the purpose of drawing attention to defendant's exercise of his right to counsel. The reference did not occur in a context where inferences prejudicial to defendant were likely to be drawn by the jury. Based on all the circumstances, defendant's right to a fair trial was not impaired. The trial court did not, therefore, err in denying defendant's motion for a mistrial.

Defendant's second assignment of error is that the trial court should have granted his motion for a judgment of acquittal. Specifically, he argues that because of the complainant's inconsistent testimony, there was insufficient evidence to submit the case to the jury.

The Supreme Court in *State v. Krummacher,* 269 Or 125, 523 P2d 1009 (1974), set forth the proper approach to such a claim of error.

"* * * In deciding whether the circumstances are sufficient to entitle the jury to find beyond a reasonable doubt that defendant was guilty, we must remember that it is not proper for us to hold that there is a reasonable doubt because of conflicts in the evidence. After a verdict of guilt, or in deciding whether the case should be submitted to the jury, such conflicts must be treated as if they had been

decided in the State's favor. After the conflicts have been so decided, we take such decided facts together with those facts about which there is no conflict and determine whether the inferences that may be drawn from them are sufficient to allow the jury to find defendant's guilt beyond a reasonable doubt. *State v. Zauner,* 250 Or 105, 110, 441 P2d 85 (1968); *State v. Dennis,* 177 Or 73, 78, 159 P2d 838, 161 P2d 670 (1945). Our decision is not whether we believe defendant is guilty beyond a reasonable doubt, but whether the evidence is sufficient for a jury to so find. *State v. Zauner, supra."* 269 Or at 137-38.

The complainant testified that defendant kissed her while they were in the park on June 7, 1979. Though she did not initially remember the details of other sexual contact by defendant, she later testified that defendant also rubbed her vaginal area through her clothing. When questioned further, she stated that she was certain that the touching incidents had occurred.

The mere fact that this testimony may have been inconsistent in part, did not render the evidence insufficient to allow a jury to find defendant guilty of the charge. The inconsistencies were a matter for the jury to weigh in deciding the issue of defendant's guilt. If the jury believed the complainant, the elements of the crime would have been established. After deciding all conflicts in the evidence in favor of the state, and in light of the reasonable inferences that could be drawn from the evidence, we conclude that there was sufficient evidence to allow the jury to find guilt beyond a reasonable doubt. The trial court did not err in denying defendant's motion for a judgment of acquittal.

■ Defendant moved in this court for a new trial based on the fact that one audio cassette tape was erased following trial. After trial, the audio record, consisting of 16 audio cassette tapes, was placed in the custody of the Lane County District Court Clerk for storage and safekeeping. A certified copy of all tapes was provided to the Lane County Public Defender's office, which apparently was originally preparing to represent defendant on appeal. However, defendant's trial counsel was appointed to represent him on appeal. Subsequently, the district court clerk discovered three of the original audio cassette tapes were missing. The

three cassettes were found and it was then discovered that one side of one of the tapes had been erased. The erased portion contained a recording of part of the complainant's testimony. The clerk retrieved the certified copy of the cassette from the Public Defender's Office and made a copy to substitute for the erased cassette tape. Consequently, the official transcript contains 15 original audio cassettes and one copy of the certified copy of the tape which was erased after the copy was made. Defendant was provided with certified copies of all 16 cassettes.

Defendant contends that ORS 19.130(3) and Rule 23.65 of the Oregon Rules of Appellate Procedure require this court to grant a new trial. ORS 19.130(3) provides:

> "Whenever it appears that an appeal cannot be prosecuted, by reason of the loss or destruction through no fault of the appellant, of the reporter's notes, tapes or audio records, or of the exhibits or other matter necessary to the prosecution of the appeal, the judgment appealed from *may* be reversed and a new trial ordered as justice may require." (Emphasis added.)

Rule 23.65 provides:

> "In the event of loss or damage of the audio record or any significant or material portions thereof, the appellant, upon his motion to the appellate court, *shall* be entitled to a new trial, but only if the loss or damage of the record is not attributable to the appellant's malfeasance. In lieu of a new trial, the parties may file in the trial court an agreed narrative statement of proceedings or a stipulation concerning the substance of the lost or damaged portions of the audio record. In such cases, the appellant shall file a certificate of filing an agreed narrative statement in the Court of Appeals in the form set out in Appendix T." (Emphasis added.)

Defendant contends that the express language of Rule 23.65 requires that we grant defendant a new trial, there being no contention that the erasure occurred as a result of his malfeasance. The state argues that ORS 19.130(3), however, requires a new trial in such a situation only "as justice may require" and that defendant has failed to make a sufficient showing of prejudice to justify a new trial.

Rule 23.65 was specifically fashioned after ORS 19.130(3). Specific reference is made to the statute following the text of the rule. The rule is, in essence, a restatement of the requirements in ORS 19.130(3), notwithstanding the variation in wording. We, therefore, review the statute's interpretation for disposition of this issue.

In *Ethyl Corp. v. Jalbert,* 270 Or 651, 529 P2d 368 (1974), the Supreme Court stated that in order to obtain a new trial under ORS 19.130(3), the appellant "must show that he has made every reasonable effort to secure a substitute for the missing portion of the record and, in addition, make 'at least a *prima facie* showing of error, or unfairness in the trial, or that there had been a miscarriage of justice.'" 270 Or at 655. *See also Hoffart v. Lindquist & Paget Mortg. Co.,* 182 Or 611, 616-17, 189 P2d 592 (1948).

No contention is made by defendant that the tapes in question were altered in any way or that any irregularities exist between the original tapes, the tapes he was provided with to prepare his appeal, or the tapes forwarded to this court. Rather, he contends, the record is not "complete" because one original tape is missing and that we cannot review the evidence to determine whether or not there was sufficient evidence to support the verdict. We are convinced the record before us is a sufficient substitute for the original record to allow us to determine the questions on appeal. Defendant has failed to establish that a new trial is warranted. Defendant's motion for a new trial is denied.

Affirmed.