Argued and submitted May 27, reversed and remanded for new trial June 24, reconsideration denied October 9, petition for review denied November 17, 1987
(304 Or 405)

STATE OF OREGON,
*Respondent,*

*v.*

CARL RAY GRENAWALT,
*Appellant.*

(C86-07-33237; CA A41864 (Control), CA A41950)
(Cases Consolidated)

738 P2d 232

John P. Daugirda, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

### WARREN, J.

This is a criminal case in which defendant seeks reversal of his conviction for burglary in the first degree. The only issue is the prosecutor's misconduct, which allegedly resulted in an unfair trial. We reverse and remand for a new trial.

Defendant and codefendant Favro were tried by a jury for burglary in the first degree. They were involved in the crime with another codefendant, Endres, who had been convicted in a separate trial. The prosecutor stated in his opening statement:

> "The William Enders [sic] case has already been disposed of. At the conclusion of the evidence in this case, the State will be asking you to find Mr. Grenawalt and Mr. Favro guilty as well of the crime with which they have been charged by the grand jury in this case, Burglary in the First Degree."

Both defendants promptly moved for a mistrial, and the trial court denied the motions on the ground that the prosecutor's remark was an inadvertent slip of the tongue and was not prejudicial. The trial continued, and the jury found defendant guilty of burglary in the first degree.

■       A trial court has wide discretion in granting or denying a motion for a mistrial. Its discretion depends on the particular facts of each case, including any curative instructions. *State v. Reynolds,* 43 Or App 619, 627, 603 P2d 1223 (1979), *aff'd* 289 Or 533, 614 P2d 1158 (1980); *State v. McFarland,* 30 Or App 93, 97-98, 566 P2d 539, *rev den* (1977). The discretion is not limitless, however. *State v. Williams,* 49 Or App 893, 897, 621 P2d 621 (1980). When it appears that a defendant's ability to obtain a fair trial has been impaired, denial of a mistrial is error. *State v. White,* 303 Or 333, 736 P2d 552 (1987); *State v. Williams, supra,* 49 Or App at 897.

■       The prosecutor's remark, whether inadvertant or not, clearly suggested to the jury that because a co-defendant had been found guilty in a separate trial, defendant should be found guilty "as well." The fact that a prosecutor's conduct is not intentional does not affect a defendant's fundamental right to a fair trial. Advocating an improper basis for a conviction cannot be anything but prejudicial. Although no curative

instruction was requested, the harm had been done, and no instruction could have done other than add to the harm.

Reversed and remanded for a new trial.