Argued and submitted September 11, 2012, affirmed April 17, petition for review denied August 15, 2013 (354 Or 62)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## EVAN MICHAEL MIDDLETON,
*Defendant-Appellant.*

Josephine County Circuit Court
08CR0694; A145754

300 P3d 228

Kenneth A. Kreuscher argued the cause for appellant. With him on the brief was Portland Law Collective, LLP. Evan Michael Middleton filed the supplemental brief *pro se.*

Tiffany Keast, Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Anna M. Joyce, Solicitor General.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

SCHUMAN, P. J.

**SCHUMAN, P. J.**

Defendant was convicted of four counts of rape in the third degree, ORS 163.355; five counts of sexual abuse in the second degree, ORS 163.425; and one count of unlawful delivery of marijuana, ORS 475.860, all arising out of conduct occurring over several days involving two minor female victims. On appeal, he raises nine assignments of error. In the first four, he argues that the court abused its discretion in denying his motions for a mistrial after the jury heard four statements from prosecution witnesses from which it could infer that defendant had engaged in prior uncharged conduct involving sex with minors. According to defendant, even though the court sustained objections to three of the statements and gave the jury curative instructions, the instructions could not cure the prejudice. With respect to the statement that the court admitted, defendant argues in a fifth assignment of error that it was not only grounds for mistrial, but also that it should have been excluded because its probative value was significantly outweighed by its potential for undue prejudice. In a sixth assignment of error, defendant urges us to overrule a recent precedent, *State v. Stamper*, 197 Or App 413, 106 P3d 172, *rev den*, 339 Or 230 (2005). We reject that assignment without discussion.[1] In the seventh and eighth assignments, he maintains that the court erred in allowing a nonunanimous verdict on one of the counts. We have rejected that argument in numerous cases and we do so again. And in an unpreserved *pro se* assignment of error, he maintains that his sentence (life, without possibility of parole) plainly violates the Oregon and United States Constitutions. We reject that assignment without discussion as well. On the evidentiary assignments, we affirm.

Because the jury found defendant guilty, we state the background facts in the light most favorable to the state. *State v. Cervantes*, 319 Or 121, 125, 873 P2d 316 (1994). Defendant, who was 28 at the time of the crimes, met the

---

[1] The issue that defendant maintains was wrongly decided in *Stamper*—*i.e.*, that nonconsent to sexual activity for purposes of sexual abuse in the second degree can be actual or by virtue of incapacity—is currently under advisement at the Supreme Court in *State v. Ofodrinwa*, 241 Or App 214, 250 P3d 405, *rev allowed*, 350 Or 573 (2011).

two victims, M (then 16 years old) and N (then 15), after they had run away from a foster home. Defendant provided them with marijuana, which they smoked together. He then offered to pay the victims $200 to engage in sex with him, and they agreed. He took the victims into a brushy area of a park and had vaginal intercourse with each of them twice. All three then went to the home of defendant's friend, where they stayed for several days. There, the victims drank alcohol, smoked marijuana and cigarettes, used methamphetamine, and had sexual intercourse with defendant and his friend.

The victims began to feel anxious about staying with defendant and his friend. Despite their expressed unwillingness, defendant had vaginal intercourse one more time with each victim, and anal intercourse with M. On the third or fourth morning, the victims left the house without defendant. Later, they reported defendant's conduct to the police.

Defendant was charged by indictment with the above-described offenses and appeals his convictions after a jury trial. We first address issues relating to the court's denial of defendant's four motions for mistrial. At a pretrial hearing, the state informed the court that it wanted to introduce evidence of defendant's history of sex crimes involving a minor. The court ruled that the criminal record would be admissible only for impeachment and only if defendant testified. Defendant did not testify. However, four times during the course of trial, the prosecutor or a state witness made reference to facts that defendant contends allowed the jury to infer that he had a criminal history that included sex offenses against minors. We address each of those.

During his opening statement, the prosecutor told the jury that defendant had acknowledged to a detective "that he's got a sex problem and that he needs help," and that he "knows he shouldn't have been talking to minors." Defense counsel immediately objected and moved to strike the statements, because there was no evidence of an admission by defendant to a *sex* problem. The court agreed, struck the statement, and instructed the jury to disregard it. Defense counsel also moved for a mistrial, on the ground that

the prosecutor's incorrect characterization of the evidence resulted in incurable prejudice, because the jury would infer from the statements that defendant was a convicted sex offender; the statement, in other words, would have the effect of allowing the state to introduce evidence that the court had already ruled inadmissible. The trial court denied the motion for mistrial but provided an instruction to the jury telling it that the prosecutor's statement was not evidence, that it was not true, and that the jury must disregard it.[2] The prosecutor also corrected himself, and apologized to the jury: "I misspoke. I apologize. I misinterpreted a police report, I read it wrong."

Later, the state called Johnson, defendant's former roommate, as a witness. The prosecutor asked Johnson if he had prior felony convictions. Johnson testified that he had a prior conviction for a sex crime. The prosecutor then asked Johnson if he had been convicted of that offense before he and defendant roomed together. Johnson replied "yes," and volunteered that "him and I met in treatment." Defendant objected and moved to strike the witness's testimony. The trial court granted the motion to strike and instructed the jury to disregard the testimony. Defendant then moved for a mistrial, arguing that the witness's testimony, in combination with the prosecutor's earlier statement, allowed the jury to infer that defendant was a sex offender who had been in sex-offender treatment. Defense counsel asserted that the combined effect of the statement and the testimony had caused defendant incurable prejudice. The trial court denied the motion for a mistrial.

---

[2] In the curative instruction, the court told the jury:

"Defense counsel has moved to strike essentially the last minute or so of [the prosecutor's] opening statement. The Court is granting that motion to strike. * * *

"I'm going to point out to you once again, and I read to you in the precautionary instruction, that the opening statement and closing arguments of the lawyers are intended to help you understand the evidence, although their statements are not part of the evidence. So, I want to remind you of that as well.

"Essentially what has happened [the prosecutor] has misstated what the evidence actually is. In regard the defendant's, and as [the prosecutor] has stated, acknowledged that he had—that the defendant had a sex problem. That is not true, okay? So all material regarding that is stricken. You are told to disregard that, even though it's not evidence. Okay."

Later, the prosecutor asked a state's witness, Detective Brown, if defendant had "acknowledged that he shouldn't be talking to minors." The witness answered, "He did." Once again, defense counsel objected, moved to strike the testimony, and argued that allowing the jury to hear that defendant had acknowledged that he shouldn't be speaking with minors would allow jurors to infer that defendant was a sex offender, contrary to the exclusion of that evidence. Defense counsel argued that Brown's statement, especially in the context of the previous statements, was prejudicial and required the granting of a mistrial. The prosecutor responded that the evidence of defendant's admission that he should not be talking to minors showed defendant's knowledge of the victims' ages and was therefore relevant to an element of the charges against him. The trial court did not strike the testimony this time, and denied defendant's motion for a mistrial.

Finally, later in the trial, the prosecutor asked a state witness, Detective Lidey, whether he spoke to defendant after he was arrested. Lidey testified that he had and that he had urged defendant to take responsibility for his misdeeds, and that defendant "was very receptive of that and acknowledged that he had * * * a problem and he needed to change his ways." Defendant objected to the testimony and moved to strike it. The trial court sustained the objection and struck the question and answer. Defendant did not request a curative instruction, but the court instructed the jury to disregard the testimony. Defendant again moved for a mistrial, asserting that Lidey's testimony was prejudicial and, in light of the prior statements, was highly prejudicial, because it allowed the jury to infer that defendant was a convicted sex offender, contrary to the judge's exclusion of defendant's criminal record. The trial court once again denied the motion, explaining that the prior statements had been excluded and that the court did not find Lidey's testimony to be prejudicial.

In his first through fourth assignments of error, defendant contends that the trial court erred in denying his four motions for a mistrial. A motion for a mistrial is addressed to the sound discretion of the trial court, because

the trial court is in the best position to assess and remedy any potential prejudice to the defendant. *State v. Farrar*, 309 Or 132, 164, 786 P2d 161 (1990); *State v. Simonsen*, 329 Or 288, 300, 986 P2d 566 (1999). We review the trial court's denial of the motion for a mistrial for an abuse of discretion. *State v. Bowen*, 340 Or 487, 508, 135 P3d 272 (2006). Defendant does not contend that the prosecutor's comments or the questioning of the witnesses amounted to prosecutorial misconduct. However, even if the prosecutor's conduct was improper—an issue we do not address—a trial court does not abuse its discretion in denying a mistrial unless the effect is to deny the defendant a fair trial. *Id.*; *State v. Smith*, 310 Or 1, 24, 791 P2d 836 (1990) (even if the court finds the prosecutor's remarks "improper, tasteless, or inappropriate," there is no abuse of discretion in the trial court's denial of a motion for mistrial unless the effect of the remarks was to deny the defendant a fair trial).

Generally, a proper jury instruction is sufficient to protect the defendant against any prejudice. *Bowen,* 340 Or at 511; *State v. White*, 303 Or 333, 342, 736 P2d 552 (1987). However, there are some statements that are so prejudicial that, as a practical matter, the prejudice cannot be remedied by an instruction. *State v. Jones*, 279 Or 55, 62, 566 P2d 867 (1977). Therefore, the questions to be addressed here are the nature of the prejudice, if any, caused by the statements and whether the trial court's instructions were sufficient to cure it. *Id.* Ultimately, we must decide whether, under the circumstances as a whole, prejudice to defendant denied him the right to a fair trial, as a matter of law. *State v. Compton*, 333 Or 274, 293, 39 P3d 833, *cert den*, 537 US 841, *reh'g den*, 537 US 1068 (2002).

In evaluating those questions, we summarize again what the jury heard: (1) the prosecutor's comments that defendant had acknowledged to a detective "that he's got a sex problem and that he needs help" and that he "knows he shouldn't have been talking to minors," which were immediately stricken and corrected by the trial court, followed by an instruction to the jury; (2) witness Johnson's testimony that he had met defendant "in treatment," which the trial court struck and instructed the jury not to consider; (3) Detective Brown's testimony, which the trial

court did not strike, that defendant had "acknowledged that he shouldn't be talking to minors," and (4) Detective Lidey's testimony, struck by the court, that he urged defendant to take responsibility for his misdeeds, and that defendant "was very receptive of that and acknowledged that he had * * * a problem and he needed to change his ways."

The asserted prejudice is that, contrary to the trial court's ruling excluding evidence of defendant's criminal record, the prosecutor's statement and the testimony of the three witnesses allowed the jury to infer that defendant in fact had previous convictions for sex offenses involving minors, and the jury could have based its determination of guilt for the charged crimes on defendant's propensity to commit such offenses. *See State v. Treit*, 29 Or App 461, 464, 564 P2d 708 (1977). We agree with defendant that the prosecutor's statement and the testimony had the potential to cause the jury to wonder whether defendant had previously been convicted of sex offenses, but we conclude that none of the statements, separately, was so prejudicial that it could not be cured by an instruction. The prosecutor's comment during his opening statement to defendant admitting to a "sex problem" did not refer specifically to a prior conviction nor to minors. And the trial court's ruling striking the statement, and its strong instruction that the statement was incorrect and that the jury should not consider it, adequately remedied the prejudice. The jury is presumed to follow the court's instructions, "absent an overwhelming probability that they would be unable to do so." *Smith*, 310 Or at 26. There is no basis here to negate that presumption.

Johnson's unsolicited testimony that he and defendant had met in treatment also did not mention any prior conviction. However, considered in the context of the question to which it responded, that testimony allowed the jury to speculate that defendant had been in treatment as a result of a sex offense. Once again, the trial court struck the testimony and instructed the jury not to consider it, and the jury is presumed to have followed the instruction. *Id.* We conclude that the trial court's instruction adequately remedied any potential prejudice, and that the trial court did not abuse its discretion in denying the motion for mistrial.

The testimony of Detective Brown that defendant had admitted that he knew he was not supposed to be speaking to minors might have caused the jury to speculate that defendant had some prior conviction relating to minors. However, once again, the testimony did not specifically refer to a prior conviction. Additionally, the testimony was, as the state argued to the trial court, independently relevant to establish that the victims were minors, as well as defendant's knowledge of that fact, both elements of offenses with which defendant had been charged. Accordingly, the trial court did not err in rejecting it as a basis for mistrial. *State v. Schneider*, 201 Or App 546, 563, 120 P3d 16 (2005), *adh'd to on recons*, 204 Or App 710, 131 P3d 842, *rev den*, 341 Or 292 (2006) (a trial court does not err in denying a motion to strike and motion for mistrial when the evidence is relevant to a fact that must be determined by the jury); *Green v. Denney*, 87 Or App 298, 302 n 3, 742 P2d 639 (1987), *rev den*, 305 Or 21 (1988).[3]

The final mistrial motion concerned Detective Lidey's testimony that defendant had acknowledged that he "had a problem and he needed to change his ways." On defendant's objection, the trial court struck the testimony, but it denied the motion for mistrial, explaining that it did not consider the testimony to be prejudicial. We agree with the trial court that the prejudicial effect of the evidence, if any, was not so extreme that only a mistrial could remedy it.

Defendant contends that, even if the prejudice from each of the statements independently was insufficient to justify a mistrial, "a jury's repeated exposure to improper propensity evidence that a defendant has previously committed crimes similar or identical to crimes charged * * * is incurable prejudice." We have never held that a mistrial can be based on cumulative prejudice of multiple errors that in and of themselves do not support the granting of a motion for mistrial. Assuming that cumulative prejudice or repeated references to excluded evidence can form a basis for a mistrial, *see State v. Barone*, 329 Or 210, 229, 986 P2d 5 (1999) (assumed without deciding that mistrial motion

---

[3] We address later in this opinion defendant's contention, in his fifth assignment of error that the evidence, although relevant, should have been excluded under OEC 403.

can be based on cumulative prejudice from three unrelated rulings), *see also Ryan v. Palmateer*, 338 Or 278, 294-95, 108 P3d 1127 (2005) (rejecting on state constitutional grounds the concept that multiple errors that do not, individually cause prejudice, can nonetheless be a basis for reversal as "structural error"), we conclude that the trial court did not abuse its discretion in rejecting any of defendant's contentions in this case that a mistrial was in order because of the cumulative effect of the various statements. As we have held, Brown's statement was relevant and there was no error in admitting it. The other statements did not make explicit reference to defendant's criminal record and, to the extent that the statements might have given the jury reason to speculate, there is no reason on this record to assume that the jury did not follow the trial court's instructions to disregard them.

Contrary to defendant's contention, this case has little in common with *Jones*, 279 Or at 61-63, in which the Supreme Court held that the prosecutor's eliciting of inadmissible evidence—even though corrected by the trial court—caused prejudice that was so pervasive that it was not possible for the defendant to have a fair trial. In *Jones*, the defendant was charged with rape. The prosecutor, knowing that the defendant had no prior convictions for rape, nonetheless attempted to elicit testimony from a witness that the witness had told a police officer that she "had heard [the defendant] had done it so many times before that he would go to the pen." 279 Or at 61. When the witness denied making the statement, over the defendant's objection, the prosecutor questioned the police officer about the alleged statement, and the police officer confirmed that the witness had made it. After further objection, the trial court reversed its prior ruling and instructed the jury to disregard the officer's testimony. However, the trial court denied the defendant's motion for mistrial. *Id.* at 62. In reversing the trial court, the Supreme Court held that, although it does not ordinarily reverse a case in which the trial court has sustained an objection to evidence, admonished the jury to disregard it, but denied a motion for mistrial,

"[t]his prosecuting attorney, well knowing that he had no proof that defendant has been previously convicted of rape

\*\*\* persisted in making comments and insinuations to that effect, including the clearly improper attempt to get before the jury the alleged statement by [the witness] that he had 'done it so many times before.'"

*Id.* at 63. The court held that "the prejudice resulting from the admission of such evidence was so pervasive as to lead us to the conclusion that, as a result, defendant was denied a fair trial." *Id.* In contrast to *Jones*, in this case defendant does not allege prosecutorial misconduct and the court found that the prosecutor did not elicit evidence that he knew to be false. Additionally, the stricken testimony did not explicitly refer to the excluded evidence. Rather, the testimony gave the jury reason to speculate that defendant had previously committed offenses of a sexual nature. The trial court's instructions to the jury not to consider the testimony precluded the jury from engaging in that speculation, and we see no reason to doubt that the jury followed the court's instructions. We reject defendant's contention that the prejudice to defendant was so grave that it could not be cured by instructions.

We caution, however, that this is a close case. We are guided by, among other things, the precept that a mistrial "is a drastic remedy to be avoided if possible, consistent with fairness." *State v. Embry*, 19 Or App 934, 941, 530 P2d 99 (1974). Our standard of review is deferential: An abuse of discretion occurs only when the court's ruling is not one of "several legally correct outcomes." *State v. Rogers*, 330 Or 282, 312, 4 P3d 1261 (2000). Our conclusion regarding the court's denial of defendant's motions for a mistrial does not imply, nor should it be taken to imply, that the court would have abused its discretion if it *had* granted a mistrial.

In his fifth assignment, defendant contends that Brown's testimony that defendant acknowledged after his arrest that "he shouldn't be talking to minors," although relevant, was excessively prejudicial under OEC 403.[4] The state contends that defendant did not preserve his objection under OEC 403, and we agree. It is true, as defense counsel

---

[4] OEC 403 provides, in part:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice[.]"

contends, that, in moving to strike the witness's testimony, defendant asserted, "It's objectionable, certainly prejudicial." But the context of that statement was defendant's assertion that admitting the evidence would allow the jury to infer that defendant had previous convictions for sex offenses involving minors, contrary to the trial court's ruling that defendant's criminal record was to be excluded unless defendant testified. As the state points out, that objection—akin to relevancy—is quite different from the prejudice argument that defendant now makes under OEC 403—that the evidence was relevant, but that its probative value is substantially outweighed by the danger of unfair prejudice. *See State v. Carrillo*, 108 Or App 442, 445-46, 816 P2d 654, *rev den*, 312 Or 527 (1991) (a relevancy objection under OEC 401 does not preserve a claim of error under OEC 403). We conclude that defendant's objection below did not alert the trial court to an objection under OEC 403, and that it was not preserved. In any event, even assuming that the objection was preserved, the evidence—which defendant contends would allow the jury to infer that he had committed other sex offenses—could nonetheless not be excluded under OEC 404(4), which provides, as relevant, that "[in] criminal actions, evidence of other crimes, wrongs or acts by the defendant is admissible if relevant except as otherwise provided by" statutory and constitutional limitations. Defendant does not contend that those statutory or constitutional limitations are applicable here.

As noted above, we reject defendant's remaining assignments of error without further discussion.

Affirmed.