HADLOCK, P. J.
*364 Petitioner was convicted of multiple crimes, including several counts of rape and sexual abuse, and he unsuccessfully appealed. State v. Middleton , 256 Or. App. 173, 300 P.3d 228, rev. den. , 354 Or. 62, 308 P.3d 206 (2013). Petitioner then sought post-conviction relief. In an amended petition filed through counsel, petitioner alleged that he had received ineffective assistance of trial counsel in violation of the state and federal constitutions. Specifically, petitioner claimed that his trial lawyer should have sought to introduce evidence about the victims' past behavior and should have moved for a mistrial at various times.
After the amended petition was filed, petitioner filed a notice with the post-conviction court, pursuant to Church v. Gladden , 244 Or. 308, 417 P.2d 993 (1966), asserting that his post-conviction attorney had failed to raise certain issues in the amended petition. Petitioner claimed, among other things, that his trial lawyer had "fail[ed] to provide effective assistance of counsel by * * * mishandling the DNA evidence[,] which clearly revealed that petitioner did not have sex with either of the alleged victims" and that "the only seminal fluids" present were from three other men. Petitioner asserted that, because his trial lawyer "mishandled the DNA evidence," petitioner was denied effective assistance of counsel in a way that prejudiced his case. Petitioner asked that the post-conviction court " 'acknowledge' this matter" and either discharge petitioner's post-conviction counsel, or instruct that lawyer to include the additional claims in a second amended post-conviction petition.
A hearing was held on petitioner's " Church notice" in July 2015. Petitioner and his post-conviction attorney both appeared by telephone. The post-conviction court described the process as creating a record about post-conviction claims that petitioner "believe[s] should be added, but are not being added to the petition." Petitioner asserted that he wanted the court to instruct his post-conviction attorney to raise certain issues, including "arguments against Petitioner's trial counsel['s] failure to adequately raise and preserve the issues and to advance arguments concerning the DNA issue, and [the trial attorney's] failure to properly handle the DNA
*365 evidence." In the alternative, petitioner asked the court to replace his post-conviction attorney with another lawyer. Petitioner then discussed the DNA evidence at length. After petitioner had been speaking for some time, the post-conviction court asked whether petitioner was reading from a *796 document. Petitioner said that he was, and explained that he had two pages left to read. The post-conviction court said that it would be happy to have petitioner file the document as an exhibit, confirmed that the rest of petitioner's document also related to DNA evidence, and said that it would attach the document as an exhibit to petitioner's Church notice once petitioner sent it to the court.
The post-conviction court then explained the process further to petitioner, noting that the purpose of the hearing was to raise additional post-conviction claims that petitioner's attorney would not raise. The court said that sometimes it would "direct counsel to raise a claim because it does seem to fit post-conviction." However, the court explained, "one of the legal rules for post-conviction relief is that you cannot raise in post-conviction relief issues that have already been raised in appeal or could have been raised at the appellate stage." The court stated that the issues that petitioner was raising were "matters that cannot be raised in post-conviction." Petitioner protested that the post-conviction court had not heard his whole argument, but the court explained that it had read petitioner's motion and supporting affidavit and had "heard the majority of [petitioner's] precise facts" related to the DNA evidence. It adhered to its ruling that the claims petitioner wished to raise "are not appropriate for post-conviction relief" and it denied what it characterized as petitioner's "motion to amend the petition."
Shortly thereafter, petitioner sent the post-conviction court the document he had been reading during the hearing. The first page of the document included the heading, "INEFFECTIVE ASSISTANCE OF COUNSEL." Under that heading, petitioner asserted that he had received unconstitutionally ineffective assistance of trial counsel because his lawyer failed "to vigorously and consistently use the lack of DNA evidence" in petitioner's defense. Petitioner reiterated his request that the court instruct his post-conviction *366 lawyer to raise arguments "concerning the DNA issue and [the criminal trial lawyer's] failure to properly handle the DNA evidence." Petitioner again requested, in the alternative, that the court replace his post-conviction counsel with an attorney who would raise that claim. The post-conviction court received that document in early August 2015. The following month, the court entered an order in which it denied petitioner's Church notice "for the reasons stated on the record."
In January 2016, a trial was held on the post-conviction claims included in the amended petition for post-conviction relief that had been filed by petitioner's counsel. The post-conviction court denied relief.
On appeal, petitioner argues in a pro se supplemental brief that the post-conviction court erred "when it erroneously concluded that petitioner's Church claims related to DNA evidence were not cognizable in PCR proceedings." Petitioner asserts that the DNA-related claims he identified in his Church notice were claims of ineffective assistance of counsel. He contends that the post-conviction court mistakenly viewed those claims as being claims that could have been raised on direct appeal. That is, petitioner explains, "it appears the court believed petitioner did not understand the [post-conviction] process and was simply attempting to raise a claim that he should not have been found guilty because he believed the evidentiary weight of the lack of DNA exonerated him." Petitioner asks us to remand his case to the post-conviction court "to correct the mistakes" he claims to have identified.
We agree with petitioner's assertion that the post-conviction court interpreted the DNA-related claim that petitioner identified in his Church notice as being a claim that petitioner could have raised on direct appeal. The post-conviction court appears to have viewed the claim as seeking a reassessment of the DNA-related evidence-the sort of argument that a criminal defendant might make on direct appeal when challenging the denial of a motion for judgment of acquittal. Indeed, defendant (the superintendent) does not contend otherwise, acknowledging that the post-conviction court "construed petitioner's claim as a *367 sufficiency challenge" rather than as relating to allegations of ineffective assistance.
Nonetheless, defendant makes two arguments in asserting that the post-conviction court's interpretation of petitioner's Church notice does not merit remand. First, defendant contends that the post-conviction *797 court "reasonably construed" the DNA arguments included in petitioner's Church motion as presenting a "challenge to the sufficiency of the DNA evidence from his criminal trial." We disagree. Petitioner consistently and repeatedly asserted that he wished his post-conviction lawyer to raise claims that petitioner received ineffective assistance of counsel when his lawyer "mishandled" the DNA evidence. As petitioner accurately observes in his supplemental brief, he "sought to raise two distinct failures by trial counsel: (1) [t]rial counsel's failure to challenge inconsistencies in the application of DNA evidence during trial; and (2) [t]rial counsel's failure to employ a defense expert to challenge the findings and conclusions of the state's forensic expert." Petitioner could not have raised those claims of ineffective assistance on direct appeal and they are cognizable in this post-conviction proceeding. See ORS 138.550(2) (post-conviction relief is available only if the ground for relief "was not asserted and could not reasonably have been asserted in the direct appellate review proceeding"). The post-conviction court erred in concluding otherwise.
Second, defendant argues that, "even if the post-conviction court misconstrued petitioner's Church claim * * *, any error was harmless." In defendant's view, had the post-conviction court viewed the DNA-related claims as raising allegations of ineffective assistance of counsel, "it would have discovered that the claim[s] lacked merit, and would have inevitably exercised its discretion to deny the Church motion."
We reject defendant's argument that we can discern what course of action the post-conviction court "inevitably" would have taken had it understood the nature of the claims that petitioner wished to raise. True, a petitioner's identification of potential additional claims in a Church notice does not require the post-conviction court to make a discretionary *368 determination about whether to direct the attorney to include those claims in a post-conviction petition; nor does it require the post-conviction court to consider the merits of those claims. Bogle v. State of Oregon , 284 Or. App. 882, 883, 395 P.3d 643, rev. allowed , 362 Or. 281, 409 P.3d 1041 (2017). Here, however, the post-conviction court acknowledged that it sometimes will exercise its discretion to order post-conviction counsel to include certain claims identified in Church notices in an amended petition for post-conviction relief. We understand the court's "denial" of the Church notice and associated denial of a motion to amend the petition as being based on its misunderstanding of the claims petitioner wished to raise and its incorrect determination that those claims were "matters that cannot be raised" in a post-conviction proceeding. We cannot tell how the court would have exercised its discretion had it appreciated that petitioner sought to raise additional ineffective-assistance claims.
Because the post-conviction court's discretionary decision not to direct counsel to include the claims in an amended petition was premised on a misunderstanding of petitioner's Church notice, we vacate the post-conviction judgment and remand the case so the court may "reconsider and exercise its discretion based on a correct understanding of the circumstances." Grisby v. Progressive Preferred Ins. Co. , 233 Or. App. 210, 219, 225 P.3d 101 (2010). If the post-conviction court determines, on a correct understanding of petitioner's Church notice, that it will adhere to its decision to take no further action in response to that notice, the court may re-enter the judgment denying post-conviction relief.
Vacated and remanded.