Submitted December 15, 2020, affirmed March 2, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RICHARD LEROY BAKER,
*Defendant-Appellant.*

Clatsop County Circuit Court
18CR08451; A170344

506 P3d 451

In this criminal appeal, defendant contests his convictions for one count each of manufacturing heroin and delivering heroin. On appeal, among other assignments of error, defendant specifically argues that the trial court erred by refusing to grant a mistrial after the state mentioned "stolen" firearms during opening argument, and that the curative instruction was insufficient to cure the resulting prejudice. *Held*: In the totality of the circumstances surrounding the state's reference to "stolen" firearms, the prejudice flowing from that reference did not deny defendant a fair trial, and therefore the trial court did not abuse its discretion in denying the motion for mistrial. As the prejudicial effect of the erroneous reference was minimal, the trial court's curative instruction, though also minimal, was not insufficient as a matter of law.

Affirmed.

Dawn M. McIntosh, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kali Montague, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Kirsten M. Naito, Assistant Attorney General, filed the brief for respondent.

Before Mooney, Presiding Judge, and Pagán, Judge, and DeVore, Senior Judge.

PAGÁN, J.

Affirmed.

**PAGÁN, J.**

Defendant appeals his judgment of conviction after a jury trial for one count of delivering heroin and one count of manufacturing heroin. He raises five assignments of error, asserting that the trial court erred by (1) denying his motion for a mistrial after the prosecutor improperly referenced "stolen" firearms during opening statement; (2) failing to require the state to elect a theory regarding the delivery of heroin charge; (3) failing to instruct the jury that it must concur on the conduct for the delivery of heroin charge; (4) failing to instruct the jury that a guilty verdict must be unanimous; and (5) imposing consecutive sentences. We reject his second, third, and fifth assignments without discussion. Defendant's fourth assignment is unpreserved and he seeks plain error review. Although defendant is correct that the court plainly erred, we decline to exercise our discretion to correct that error because the jury was not polled. *See State v. Dilallo*, 367 Or 340, 348-49, 478 P3d 509 (2020) (court would not exercise discretion to correct plainly erroneous nonunanimous instruction when no jury poll was taken). As we explain below, we conclude that the trial court did not err when it denied defendant's motion for a mistrial, and, therefore, we affirm.

The underlying facts are not disputed.

On February 3, 2018, after a controlled-buy operation, law enforcement in Clatsop County executed a search warrant on defendant's home. As a result of their search, law enforcement found 4.22 grams of heroin, a large quantity of plastic baggies of the type typically associated with drug dealing, and other evidence consistent with manufacturing and delivering heroin.[1] Defendant also made admissions to law enforcement about his prior deliveries and how he cut the heroin.

During opening statement, the state remarked to the jury that law enforcement agents who were executing a

---

[1] The state proceeded on a *Boyd* delivery theory, *see State v. Boyd*, 92 Or App 51, 756 P2d 1276 (1988), *overruled by State v. Hubbell*, 314 Or App 844, 500 P3d 728 (2021). Defendant did not object to the theory below, did not raise the issue in their opening brief, and did not request supplemental briefing after *Hubbell* was decided. We do not address it in this opinion.

search warrant encountered "stolen" firearms in defendant's residence. Defendant immediately objected, and the judge removed the jury from the courtroom. After argument, the court sustained the objection, and defendant moved for a mistrial. The court denied the motion and recalled the jury. Upon returning, the court stated to the jury: "Okay folks, we'll continue. You are to disregard the last statement that was made by [the prosecutor]." The prosecution did not offer any evidence during the trial that firearms seized during the execution of the search warrant were stolen.

The jury returned guilty verdicts on the two charges but rejected the requested sentence enhancement fact that defendant possessed a firearm in furtherance of the crime.

On appeal, defendant argues that the court should have granted a mistrial, and, when it erroneously chose not to, it gave an insufficient curative instruction to the jury. In response, the state contends that a mistrial was not appropriate, the curative instruction was sufficient, and any error in the curative instruction was harmless. We review the denial of a motion for a mistrial for abuse of discretion. *See State v. Larson*, 325 Or 15, 22, 933 P2d 958 (1997). We will reverse when the denial of a motion for mistrial results in depriving the defendant of a fair trial. *See State v. Woodall,* 259 Or App 67, 75, 313 P3d 298 (2013), *rev den*, 357 Or 735 (2014). When faced with improper remarks to a jury, a trial court must determine whether the remarks have a likelihood of prejudicing the defendant's right to a fair trial if the trial continues, or if curative instructions may ameliorate whatever prejudice resulted from the improper conduct. *See State v. Flores*, 31 Or App 187, 190, 570 P2d 94 (1977).

Neither party disputes that the state's reference in opening statement to "stolen" firearms was improper and prejudicial. Defendant argues that the jury must have inferred his guilt on the delivery and manufacture charges as a result of this lone remark. But the evidence against defendant in this case was strong, and so in that context the prejudicial effect of the remark that the defendant possessed "stolen" firearms was minimal. *Cf. State v. Williams*, 49 Or App 893, 898, 621 P2d 621 (1980) (finding no abuse

of discretion in denying a motion for mistrial where prejudice was "minimal"). Law enforcement had watched defendant for a time and engaged in "controlled-buys" before the search. The search unveiled large quantities of drugs, cash, firearms, packing equipment used for distribution, and equipment used to "cut" heroin. Defendant also admitted to delivering and cutting heroin. Also, the jury did not find the requested enhancement fact that the defendant possessed firearms in furtherance of any criminal activity. *See id.* (noting that acquittal on charges related to prejudicial statement supported a finding that the defendant was not denied a fair trial). Finally, the remark in this case involved an improper reference to uncharged conduct, and not the invocation of a constitutional right.[2] *See State v. Bowen*, 340 Or 487, 511, 135 P3d 272 (2006) (finding, in part, that, because the nature of the improper conduct regarded an evidentiary rule and not a constitutional right, the "magnitude" of the harmful effect did not warrant a mistrial). We thus agree with the state that the singular reference to allegedly stolen firearms did not deprive the defendant of a fair trial and conclude that the decision to continue the trial was not an abuse of discretion.

Likewise, because we find that the prejudice was minimal, the curative instruction, though perfunctory—*cf. State v. Osorno*, 264 Or App 742, 752, 333 P3d 1163 (2014) (reversing where curative instructions were minimal and vague)—was sufficient in this context and defendant was not denied a fair trial. *See State v. Middleton*, 256 Or App 173, 178, 300 P3d 228, *rev den*, 354 Or 62 (2013) ("Ultimately, we must decide whether, under the circumstances as a whole, prejudice to defendant denied him the right to a fair trial, as a matter of law.").

Affirmed.

---

[2] Defendant argues that the reference to allegedly stolen firearms violated the state and federal constitutions. We reject that argument without further discussion.